Michael SIMMONS, Petitioner,

v.

Stephen DALSHEIM, Superintendent, Downstate Correctional Facility, Fishkill, New York, and Robert Abrams, Attorney General of the State of New York, Respondents.

No. 81 Civ. 4182(RJW).

United States District Court,
S. D. New York.

June 25, 1982.

Michael Simmons pro se.

Robert Abrams, Atty. Gen. of the State of New York, New York City, for respondents; Susan L. Yarbrough, Asst. Atty. Gen., New York City, of counsel.

ROBERT J. WARD, District Judge.

*Pro se* petitioner Michael Simmons seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Simmons is presently in the custody of the State of New York at the Downstate Correctional Facility in Fishkill, New York. Respondents (hereinafter referred to jointly as "the State") are Stephen Dalsheim, Superintendent of the Downstate Correctional Facility, and Robert Abrams, Attorney General of the State of New York. For the reasons that follow, the petition is granted.

## BACKGROUND

On March 9, 1976, Simmons was convicted, following a jury trial in the Supreme Court of the State of New York, Bronx County, of sodomy in the first degree, *see* N.Y. Penal Law § 130.50, robbery in the first degree, *see* N.Y. Penal Law § 160.15, and criminal possession of a weapon, *see* N.Y. Penal Law § 265.05. Simmons was sentenced to concurrent prison terms on the first-degree sodomy count and the first-degree robbery count of from seven to twenty-one years. He received a one-year sentence on the criminal possession of a weapon count, which sentence was made concurrent to the other two sentences.

On July 18, 1978, petitioner's conviction on these three counts was affirmed without opinion by the Supreme Court of the State

of New York, Appellate Division, First Department. *People v. Simmons*, 64 A.D.2d 874, 407 N.Y.S.2d 770 (1st Dep't 1978). The New York Court of Appeals denied Simmons leave to appeal to that court on October 13, 1978. *People v. Simmons*, 45 N.Y.2d 844, 410 N.Y.S.2d 1031, 382 N.E.2d 773 (1978). On March 6, 1980, Simmons filed a petition for a writ of habeas corpus in this Court. This petition was dismissed, by an order dated October 17, 1980, on the ground that Simmons had failed to exhaust his state remedies with respect to the federal constitutional claims raised in his petition. *Simmons v. Scully*, No. 80 Civ. 1334(LWP) (S.D.N.Y. Oct. 17, 1980) (Pierce, J.). Simmons then returned to state court and applied for a writ of habeas corpus. His

application was denied by the Appellate Division, without opinion, in an order dated April 30, 1981. *People ex rel. Simmons v. Dalsheim*, No. 522 (2nd Dep't Apr. 30, 1981). On June 9, 1981, the New York Court of Appeals denied Simmons leave to appeal the Appellate Division's denial of his application for a writ of habeas corpus. *People ex rel. Simmons v. Dalsheim*, 53 N.Y.2d 609, 442 N.Y.S.2d 1026, 425 N.E.2d 900 (1981).

 Simmons thereupon returned to this Court, filing the federal habeas corpus petition that is the subject of today's opinion on July 7, 1981.[1] He alleges in the present petition that his conviction must be vacated, and a new trial ordered, because (1) the state trial judge's instruction to the jury on Simmons's alibi defense unconstitu-

---

1. The Court believes that it is appropriate at this juncture to comment on the reasons why nearly a year elapsed between the date when Simmons filed the instant petition and today, the date of the Court's adjudication of that petition. Upon receiving the petition, the Court reviewed it preliminarily and ordered that the State respond to the petition by September 10, 1981. On August 31, 1981, the Deputy Assistant Attorney General who was then counsel of record in this action sought an order extending the State's time to respond until November 10, 1981. In an affidavit filed with the Court in support of this application, counsel explained that "[the State] requires additional time to ascertain and investigate the facts, research applicable law and draft opposition papers." In an order dated September 1, 1981, the Court granted the requested extension. The State's response papers, which, when ultimately filed, consisted of a three-page affidavit and a three-page memorandum of law, *incorrectly* asserted that petitioner's aforementioned state habeas corpus petition was still pending before the Appellate Division. On the basis of this assertion, the State argued, as its *sole ground* of opposition to the petition, that Simmons had not yet exhausted his state remedies. The State has never attempted to explain why it felt additional time was required for it to prepare an opposition of this nature. *Incredibly, the State took the position that the state habeas corpus petition was still pending before the Appellate Division notwithstanding the fact that the Appellate Division's order denying that petition was annexed to the State's own opposition affidavit as Exhibit C!* Under these circumstances, the State's exhaustion-of-state-remedies argument was plainly untenable. Moreover, given the zeal with which the State invariably condemns federal habeas corpus petitioners for failing to raise legal arguments in a timely fashion, and the

importance that the courts of this Circuit are required to assign to such "procedural defaults" when committed by federal habeas corpus petitioners, *see, e.g., Martinez v. Harris*, 675 F.2d 51, 53–54 (2d Cir. 1982), the Court was strongly inclined not to allow the State to raise any new arguments in opposition to Simmons's petition, but simply to reject the State's exhaustion-of-state-remedies argument and grant Simmons's petition. Indeed, a powerful argument can be made that the Court was required to follow this course. However, the Court ultimately determined, in January of 1982, to allow the State until January 29, 1982, to serve and file additional opposition papers, and to give Simmons until March 5, 1982, to serve and file any reply to these additional papers that he might deem appropriate.

The State and Simmons each served and filed submissions in accordance with this briefing schedule. Upon reviewing these submissions, the Court concluded that error of federal constitutional dimension had probably occurred at Simmons's trial, and noted that the State's opposition brief, while it contained a point heading that described any error that might have occurred as "harmless," nowhere argued the harmless error issue. The Court, being well aware that the State would likely raise this argument on appeal in the event Simmons's petition were granted, determined that it would be wise to hear the State's harmless error argument before ruling on the petition. The Court accordingly asked that the State submit an additional brief by April 26, 1982, and gave Simmons until May 10, 1982, to make any further submission that he deemed appropriate. Only after these additional papers were served and filed did the Court begin preparation of today's opinion.

tionally relieved the prosecution of its burden of proving beyond a reasonable doubt that Simmons was the perpetrator of the crimes charged in the indictment, (2) the evidence presented by the prosecution was constitutionally insufficient to establish beyond a reasonable doubt petitioner's guilt of the crimes charged in the indictment, and (3) the state trial judge committed error of

federal constitutional dimension in denying a defense motion to suppress both the prospective in-court identification of Simmons by the victim of the crimes charged in the indictment and testimony as to the victim's previous out-of-court identification of Simmons. While the Court finds that the second and third grounds relied upon by Simmons's petition are without merit,[2] it

**2.** Regarding petitioner's second claim, it is well settled that a defendant's conviction is constitutionally infirm, and must be vacated if attacked either on direct appeal or via a federal habeas corpus petition, where no rational trier of fact could have, upon the evidence adduced at trial, found the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324, 99 S.Ct. 2781, 2791, 61 L.Ed.2d 560 (1979). In considering either an appeal or a federal habeas corpus petition based on this rule, the reviewing court must view the evidence in the light most favorable to the prosecution, *see Gruttola v. Hammock*, 639 F.2d 922, 927 (2d Cir. 1981), and determine whether "*any*" rational jury could have found the essential elements of the crime charged to have been established beyond a reasonable doubt, *see Jackson v. Virginia, supra,* 443 U.S. at 319, 99 S.Ct. at 2789. Upon applying these principles to the instant case, the Court rejects petitioner's contention that the evidence adduced at his trial was constitutionally insufficient to establish his identity as the perpetrator of the crime. At the trial, Milagros Rivera, the victim of the crimes in question, identified Simmons as her assailant and testified that she had several opportunities to obtain a good look at the man who attacked her. While the Court, upon its review of the record as a whole, entertains significant doubts about the accuracy of Rivera's testimony, it cannot say that no rational jury could have relied on Rivera's testimony to find beyond a reasonable doubt that Simmons was Rivera's assailant. Accordingly, the Court must reject petitioner's *Jackson v. Virginia* argument.

Turning to petitioner's third argument, it is of course well settled that, where a witness has identified the defendant during an out-of-court, pre-trial identification procedure, due process requires, in certain circumstances, suppression of (1) evidence that the witness made the *out-of-court* identification and (2) the witness's proposed *in-court* identification of the defendant as the perpetrator of the crime. Specifically, *Manson v. Brathwaite*, 432 U.S. 98, 114, 97 S.Ct. 2243, 2253, 53 L.Ed.2d 140 (1977), holds that evidence of an out-of-court identification of the defendant is constitutionally inadmissible where (1) the identifying witness saw the defendant during a pre-trial identification pro-

cedure that was "impermissibly suggestive" and (2) there is a very substantial likelihood, under all the circumstances of the case, that the out-of-court identification was erroneous. *See United States v. Thevis*, 665 F.2d 616, 643 (5th Cir. 1982), *cert. requested*, 50 U.S.L.W. 3918 (May 10, 1982); *Gonzalez v. Hammock*, 639 F.2d 844, 847 (2d Cir. 1980), *cert. denied*, 449 U.S. 1088, 101 S.Ct. 880, 66 L.Ed.2d 815 (1981). Similarly, *Simmons v. United States*, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968), holds that an in-court identification of the defendant is constitutionally inadmissible where (1) the identifying witness saw the defendant during a pre-trial identification procedure that was "impermissibly suggestive" and (2) there is a very substantial likelihood, under all the circumstances of the case, that the proposed in-court identification would be erroneous. *See Neil v. Biggers*, 409 U.S. 188, 198, 93 S.Ct. 375, 381, 34 L.Ed.2d 401 (1972); *Styers v. Smith*, 659 F.2d 293, 297 (2d Cir. 1981); *Solomon v. Smith*, 645 F.2d 1179, 1185 (2d Cir. 1981). In certain cases where the defendant makes a suppression motion in reliance either on *Manson v. Brathwaite* or *Simmons*, it may be necessary to conduct a factual hearing to determine whether one or both prongs of the tests described above have been satisfied. *See United States v. Wade*, 388 U.S. 218, 242, 87 S.Ct. 1926, 1940, 18 L.Ed.2d 1149 (1967). Where a state trial judge has conducted such a "*Wade* hearing" prior to denying the defendant's suppression motion, federal habeas corpus review of the trial judge's decision is limited in certain respects. On the one hand, the trial judge's findings as to "historical" or "basic" facts, such as the witness's opportunity to observe the crime and the manner in which the pre-trial identification procedure was conducted, are presumed correct on federal habeas corpus review unless not fairly supported by the record. *Sumner v. Mata*, 449 U.S. 539, 551, 101 S.Ct. 764, 771, 66 L.Ed.2d 722 (1981); *see* 28 U.S.C. § 2254(d). On the other hand, the trial judge's findings as to the "ultimate" facts; such as whether the pre-trial identification procedure was "impermissibly suggestive" and whether there is a substantial likelihood that the proffered identification was (in the case of a prior out-of-court identification) or would be (in the case of a proposed in-court identifica-

concludes, for the reasons stated in the discussion that follows, that his first claim entitles him to the relief that he seeks.

## DISCUSSION

Analysis of petitioner's first contention requires a fairly detailed recapitulation of his state trial insofar as it concerned his alibi defense. The victim of the crimes of which Simmons stands convicted was one Milagros Rivera. At Simmons's trial, Rivera testified that, between 7 p. m. and 8 p. m. on December 26, 1973, she was robbed and sodomized, at knifepoint, in an apartment building on University Avenue in the Bronx. She identified Simmons as the man who committed these acts. Six alibi witnesses testified for the defense. All of these witnesses testified that they saw Simmons, during the time period when Rivera testified that the crimes were committed, at or in the vicinity of his home, which was located at 336 East 166th Street in the Bronx.

The state trial judge, in instructing the jury on the crimes charged in the indictment, told the jury that the prosecution had the burden of proving beyond a reasonable doubt all the elements of each crime with which Simmons was charged. Transcript at 705–08, 715, 717–18, 721, 723. Further, the judge instructed the jury, with respect to each crime charged, that one of the ele-

ments that had to be proven beyond a reasonable doubt was that *"the Defendant"* committed the crime in question. Transcript at 715, 718, 721, 723 (emphasis supplied).

Elsewhere in his charge, the state trial judge instructed the jury at some length on petitioner's alibi defense. The trial judge began by defining the word "alibi" for the jury:

> In this case there was evidence offerred [sic] by the Defendant that he was not at the scene at the time of the crimes and that, therefore, he did not participate or take part in any unlawful enterprise or crimes that may have been committed there. That's what we call in law an alibi. That means that this Defendant claims he was at some other place other than where the crime was committed at the time charged.

Transcript at 703. He then proceeded to instruct the jury on how, in conducting its deliberations, it should evaluate the alibi evidence offered by Simmons:

> Evidence with relation to alibi should be most carefully considered. If the Defendant's guilt is not established beyond a reasonable doubt by reason of the truth of an alibi, you must acquit him. You must be satisfied as to the truth of the alibi. In other words, if it is sufficient to

tion) erroneous, are in no way binding on a federal habeas corpus court. *Sumner v. Mata,* ⸺ U.S. ⸺, 102 S.Ct. 1303, 1306, 71 L.Ed.2d 480 (1982).

Here, Rivera, the victim of the crimes in question, saw Simmons in a police lineup and identified him as the perpetrator of the crime. Simmons moved, before trial, to suppress both any evidence that Rivera made the out-of-court lineup identification and also Rivera's proposed in-court identification of Simmons as her assailant. In making this motion, Simmons argued that the lineup at which he was identified by Rivera was "impermissibly suggestive" within the meaning of *Manson v. Brathwaite* and *Simmons*. The state trial judge conducted a *Wade* hearing. He made detailed findings regarding the circumstances under which the lineup was conducted, and concluded, on the basis of these findings, that "there was nothing suggestive" about the lineup. The trial judge accordingly held that Simmons had failed to satisfy the first prong of either the *Manson v.*

*Brathwaite* test or the *Simmons* test, and denied Simmons's suppression motion. During the ensuing trial, Rivera was permitted to make an in-court identification of Simmons as her assailant, and evidence of Rivera's out-of-court lineup identification was presented to the jury. This Court, having reviewed the transcript of the state court's *Wade* hearing, finds that the state trial judge's factual findings were fairly supported by the record, and accordingly accepts these facts as true. The lineup included four persons. Rivera did not see Simmons until she saw him in the lineup. The four people were similarly dressed; moreover, "[t]hey were all of a similar complexion, height, build and accoutrements such as glasses, moustache[s] and haircut[s]." On these facts, the Court agrees that there was nothing suggestive about the manner in which the lineup was conducted. Therefore, the Court rejects the third ground raised by Simmons in support of his instant petition.

raise a reasonable doubt by evidence concerning the Defendant's whereabouts at the particular times when the crimes wer [sic] committed, if the jury believes that evidence, that alibi itself entitles him to a verdict of not guilty. It is for you, the jury, to determine whether or not the alibi should be believed.

Transcript at 703–04.

After the judge completed his charge, defense counsel specifically excepted to the trial judge's alibi instruction, objecting in particular to the judge's statement that the jury "must be satisfied as to the truth of the alibi." Transcript at 726. Defense counsel requested that the judge instruct the jury that "[i]f proof as to an alibi, when taken into consideration with all of the other evidence, raises a reasonable doubt as to the Defendant's guilt, he is entitled to an acquittal." Transcript at 726. The trial judge, commenting that he thought his own alibi instruction was one "that the Appellate Division has approved," refused defense counsel's request to charge and overruled the objection. Transcript at 727.[3]

As noted, Simmons contends, by his instant petition, that his federal constitutional right to a fair trial, which is secured against state infringement by the due process clause of the fourteenth amendment, was violated by the state trial judge's alibi instruction. Simmons argues that this alleged constitutional error requires this Court to vacate the state court's judgment of conviction for first-degree sodomy, first-degree robbery, and criminal possession of a weapon. The State, in opposing Simmons's petition, does not argue that Simmons has either (1) failed to exhaust state remedies with respect to this constitutional claim, see 28 U.S.C. § 2254(b),[4] or (2) forfeited his right to present this federal constitutional claim for federal habeas corpus review, see Wainwright v. Sykes, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).[5] Rather, the State confines its opposition to arguing (1) that the state trial judge's alibi instruction did not give rise to error of federal constitutional dimension and (2) that, even if error of constitutional magnitude did occur, the error was harmless in the context of this case and hence cannot form the basis for this Court to grant a petition for a writ of habeas corpus. The Court deals with these two arguments in turn.

### I

In order to determine whether, by virtue of the state trial judge's alibi instruction, error of federal constitutional dimension occurred at petitioner's trial, the Court must make two distinct inquiries. First, it must consider what burden of persuasion, if any, state law may constitutionally impose on a criminal defendant with respect to the defendant's alibi defense. Second, the

---

3. In further support of his ruling on this point, the state trial judge commented that "I have used [identical] language in preparing [alibi instructions] in recent cases." Transcript at 727. One of the "recent cases" where this judge had given an identical alibi instruction resulted in a defendant named Michael Jones being convicted of robbery in the first degree. Jones, who was tried several months before Simmons and sentenced during the latter's trial, took no exception to the alibi instruction that counsel for Simmons found objectionable. When Jones's case came to be heard on appeal (about one-and-a-half years after petitioner's appeal was decided), the Appellate Division unanimously reversed Jones's conviction on the ground that the trial judge's alibi instruction "deprived defendant of due process under the Constitution." People v. Jones, 74 A.D.2d 515, 516, 425 N.Y. S.2d 5, 6 (1st Dep't 1980).

4. Simmons has also exhausted his state remedies with respect to the other two claims raised by his petition. Therefore, the "total exhaustion rule" recently enunciated by the Supreme Court in Rose v. Lundy, —— U.S. ——, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982), is not implicated here.

5. As previously mentioned, the State has filed three separate briefs in opposition to the instant petition. See note 1 supra. In the State's first two briefs, Wainwright v. Sykes is nowhere cited. The Court, in inviting the State to submit a third brief, drew counsel's attention to Wainwright v. Sykes and asked that the State consider whether that case had any applicability to any of the claims raised by the petition. In its third brief, the State made a Wainwright v. Sykes argument with respect to petitioner's Jackson v. Virginia claim, see note 1 supra, but made no such argument in opposition to his alibi-instruction claim.

Court must determine, upon a consideration of the state trial judge's charge as a whole, whether the jury reasonably could have understood the charge in a fashion inconsistent with these constitutional limits against requiring a criminal defendant to carry a burden of persuasion with respect to his or her alibi defense.

## A

■ It is, of course, commonplace under state penal codes that some "affirmative defenses" to criminal liability may only successfully be invoked by a state criminal defendant if he or she carries a particular "burden of persuasion" with respect to the facts necessary to make out the defense. *See, e.g.,* N.Y. Penal Law § 25.00.2. The federal constitutional limitations on the allocation of such burdens of persuasion to state criminal defendants derive from the rule, first enunciated in *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970), that a state criminal defendant may not, consistent with the due process clause of the fourteenth amendment, be convicted of a crime except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime. Under this principle, "affirmative defenses" that bring into question or seek to negate an element of the crime charged must, once raised by a state criminal defendant, be disproven by the prosecution beyond a reasonable doubt; that is, a state criminal defendant's constitutional rights are violated if state law requires the defendant to meet *any* burden of persuasion in order to prevail on such a defense. *Patterson v. New York,* 432 U.S. 197, 202–05 & n.9, 97 S.Ct. 2319, 2322–2324 n.9, 53 L.Ed.2d 281 (1977); *United States v. Read,* 658 F.2d 1225, 1232 (7th Cir. 1981); *Holloway v. McElroy,* 632 F.2d 605, 624–25 (5th Cir. 1980), *cert. denied,* 451 U.S. 1028, 101 S.Ct. 3019, 69 L.Ed.2d 398 (1981); *see Mullaney v. Wilbur,* 421 U.S. 684, 696–701, 95 S.Ct. 1881, 1888–1891, 44 L.Ed.2d 508 (opinion of the Court), 705–06, 95 S.Ct. 1892–1893 (Rehnquist, J., concurring) (1975).

■ The defense of "alibi" is plainly an affirmative defense that seeks to negate an element of the crime charged, to wit, the requirement that *the defendant* must have committed the acts constituting the crime. *Rogers v. Redman,* 457 F.Supp. 929, 932 (D.Del.1978). Indeed, it has accurately been observed on this basis that *all* the elements of the crime are called into question, at least indirectly, by an alibi defense. *Adkins v. Bordenkircher,* 517 F.Supp. 390, 399 (S.D.W.Va.1981), *aff'd,* 674 F.2d 279 (4th Cir. 1982), *cert. requested,* 50 U.S.L.W. 3949 (May 24, 1982). Thus, in accord with the previously stated principles, it has consistently been held that a state may not, consistent with the due process clause of the fourteenth amendment, impose on a criminal defendant *any* burden of persuasion with respect to the defense of alibi. *Adkins v. Bordenkircher,* 674 F.2d 279, 282 (4th Cir. 1982), *cert. requested,* 50 U.S.L.W. 3949 (May 24, 1982); *Smith v. Smith,* 454 F.2d 572, 577–79 (5th Cir. 1971), *cert. denied,* 409 U.S. 885, 93 S.Ct. 99, 34 L.Ed.2d 141 (1972); *United States v. Booz,* 451 F.2d 719, 722–24 (3d Cir. 1971), *cert. denied,* 414 U.S. 820, 94 S.Ct. 45, 38 L.Ed.2d 52 (1973); *Stump v. Bennett,* 398 F.2d 111, 116 (8th Cir.) (en banc), *cert. denied,* 393 U.S. 1001, 89 S.Ct. 483, 21 L.Ed.2d 466 (1968); *Fulton v. Warden, Maryland Penitentiary,* 517 F.Supp. 485, 488 (D.Md.1981); *Johnson v. Spalding,* 510 F.Supp. 164, 167 (E.D.Wash. 1981), *aff'd,* 669 F.2d 589 (9th Cir. 1982).

## B

■ Having set forth the federal constitutional limitations against requiring a state criminal defendant to meet a burden of persuasion in order to prevail on an alibi defense, the Court now proceeds to the second level of its constitutional analysis by inquiring whether the jury charge given at petitioner's trial exceeded these limitations. The standard that this Court must apply in evaluating the constitutional sufficiency of the jury charge given at petitioner's trial is whether, considering the judge's charge as a whole, a reasonable jury could have interpreted the charge in a fashion inconsistent with the Constitution. *Sandstrom v. Mon-*

*tana,* 442 U.S. 510, 514, 99 S.Ct. 2450, 2454, 61 L.Ed.2d 39 (1979).[6] A charge susceptible of such an interpretation by a reasonable jury so infects the trial of which it is a part that a conviction rendered subsequent to such a charge cannot withstand due process attack, *see Cupp v. Naughten,* 414 U.S. 141, 147, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973), even if the charge was also capable of being understood by a reasonable jury in a manner that comports with the Constitution. *See Leary v. United States,* 395 U.S. 6, 31–32, 89 S.Ct. 1532, 1545–1546, 23 L.Ed.2d 57 (1969). Judgments of conviction must occasionally be vacated or reversed on this theory where the charge contained only one erroneous instruction. *See, e.g., Cool v. United States,* 409 U.S. 100, 102–03, 93 S.Ct. 354, 356–357, 34 L.Ed.2d 335 (1972) (per curiam). However, a judgment of conviction will not be rendered constitutionally infirm by one deficient instruction if the charge, when considered as a whole, clearly informs the jury of the correct legal principle. *Henderson v. Kibbe,* 431 U.S. 145, 153, 97 S.Ct. 1730, 1736, 52 L.Ed.2d 203 (1977); *see Cupp v. Naughten, supra,* 414 U.S. at 147, 94 S.Ct. at 400. That is, where there is not "any significant possibility," given the judge's additional instructions, that a reasonable jury could have interpreted the charge as a whole to state a rule of law at odds with the Constitution, a single ailing instruction does not render the charge constitutionally deficient. *Nelson v. Scully,* 672 F.2d 266, 272 (2d Cir. 1982); *see United States v. Robinson,* 545 F.2d 301, 306 n.7 (2d Cir. 1976) (no error if trial judge's charge included additional instructions that "insur[ed]" that the jury understood the correct rule).

■ Therefore, the Court is required to engage in a two-step analysis to determine the constitutional sufficiency of the jury charge given at petitioner's trial. First, it must evaluate the trial judge's alibi instruction and decide whether a reasonable jury could have understood this instruction to impose on Simmons a burden of persuasion with respect to his alibi defense. Second, in the event the Court finds the alibi instruction deficient in this manner, the Court is required to review the entire charge and determine whether, notwithstanding the deficient alibi instruction, the charge as a whole clearly informed the jury of the correct legal principle, namely, that Simmons had no burden of persuasion whatsoever with respect to his alibi defense. *See generally Rivera v. Coombe,* 534 F.Supp. 980, 990 (S.D.N.Y.1982).

■ The state trial judge's instruction on how the jury should evaluate the alibi evidence offered by Simmons consisted of an introductory statement that alibi evidence "should be most carefully considered" followed by four sentences that endeavored to inform the jury of the circumstances under which such alibi evidence would require it to reach a verdict of not guilty:

[1] If the Defendant's guilt is not established beyond a reasonable doubt by reason of the truth of an alibi, you must acquit him. [2] You must be satisfied as to the truth of the alibi. [3] In other words, if it is sufficient to raise a reasonable doubt by evidence concerning the Defendant's whereabouts at the particular time when the crimes wer [sic] committed, if the jury believes that evidence, that alibi itself entitles him to a verdict of not guilty. [4] It is for you, the jury, to determine whether or not the alibi should be believed.

Transcript at 703–04. The Court rejects the State's argument that these four sentences plainly did nothing more than inform the jurors (correctly) that they were to acquit Simmons if, upon considering petitioner's alibi evidence together with the rest of the evidence in the case, they were not persuaded beyond a reasonable doubt that

---

**6.** It is thus of no real moment that New York law has long provided, *see People v. Elmore,* 277 N.Y. 397, 405–06, 14 N.E.2d 451, 454–55 (1938), and continues to provide, *see* N.Y. Penal Law § 25.00.1, that a criminal defendant has no burden of persuasion with respect to an alibi defense. The proper inquiry in this context is not whether state law is inconsistent with the Constitution, but rather whether, given the wording of the judge's charge, the jury reasonably could have understood state law in a fashion inconsistent with the Constitution.

Simmons was the perpetrator of the crimes in question. *Each* of these four sentences states, or reasonably can be understood to state, that an alibi must be "true" or "believed" to be of assistance to a criminal defendant. Since they all predicate the value of alibi evidence on whether it is "believed" or found to be "true" by the jury, *each* of these four sentences reasonably could have been interpreted by the jury as requiring Simmons to satisfy a burden of persuasion with respect to his alibi defense.

In reaching this conclusion, the Court recognizes that two of these four sentences (numbers [1] and [3] above) mention the term "reasonable doubt," and rejects the State's contention that a reasonable juror could only have understood these two sentences in a fashion consistent with the Constitution. *First*, each of these two sentences reasonably could have been understood to state that an alibi defense can only prevail if the defendant's alibi evidence "creates" or "raises" a reasonable doubt as to the guilt of the defendant. Since the presumption of innocence starts the jury off with a reasonable doubt as to the defendant's guilt as a matter of law, a criminal defendant need not present evidence "raising" a reasonable doubt in order to be acquitted. Rather, a criminal defendant is entitled to acquittal merely if, given all the evidence in the case, his or her guilt has not been proven beyond the reasonable doubt that the presumption of innocence afforded the defendant at the outset. Therefore, an instruction that requires the defendant to prove that there is a reasonable doubt that he or she committed the crime unquestionably places a burden of persuasion, albeit small, on the defendant, and hence runs afoul of the constitutional principles set forth in text *supra*. *Accord, Adkins v. Bordenkircher, supra*, 674 F.2d at 280–82 (affirming district court's grant of habeas corpus petition where state trial judge instructed jury that "the burden is upon [the defendant] to prove [the defense of alibi], not beyond a reasonable doubt, nor by a preponderance of the evidence, but by such evidence, and to such a degree of certainty, as will when the whole evidence is con-sidered, create and leave in the mind of the jury a reasonable doubt as to the guilt of the accused"). *Second*, sentences [1] and [3] would have been defective even if they had not required, or it was permissible to require, Simmons to "create" or "raise" a reasonable doubt as to his guilt. Both of these sentences, in conditioning acquittal on the existence of a reasonable doubt as to Simmons's guilt, stated that the reasonable doubt necessary to acquit Simmons could be predicated on his alibi evidence only if this evidence either were found to be "true" or were "believed." The State concedes that sentences [2] and [4] were improper because they instructed the jurors that they could only rely on alibi evidence to acquit if they "believed" the alibi or found that the alibi was "true." Plainly, it was equally improper to tell the jurors in sentences [1] and [3] that, while they should acquit if they found a reasonable doubt as to the defendant's guilt, they could only find such a reasonable doubt on the basis of alibi evidence if they "believed" the alibi or found that the alibi was "true." *Accord, People v. Lediard*, 80 A.D.2d 237, 241–42, 438 N.Y.S.2d 540, 543 (1st Dep't 1981); *People v. Jones*, 74 A.D.2d 515, 515–16, 425 N.Y.S.2d 5, 6 (1st Dep't 1980).

■ The Court therefore concludes that a reasonable juror could indeed have understood the alibi instruction given at petitioner's trial as imposing a burden of persuasion on Simmons with respect to his alibi defense. This conclusion is supported by a great deal of judicial authority. A number of courts have considered the potential burden-shifting effect of alibi instructions nearly identical to the one at issue here. Two judges of this district have considered an alibi instruction indistinguishable from the one given at petitioner's trial. In each case, while a review of the charge as a whole led the judge to conclude that error of constitutional dimension had not occurred, the judge apparently agreed that the challenged instruction itself had a burden-shifting potential. *See Brown v. LeFevre*, No. 79 Civ. 4315(MJL), slip op. at 6–9 (S.D.N.Y. Aug. 27, 1980) (*Brown I*), rehear-

*ing denied*, slip op. at 5–6 (S.D.N.Y. July 17, 1981) (*Brown II*)[7]; *Robinson v. Harris*, No. 78 Civ. 4256(WCC), slip op. at 14–15 (S.D.N.Y. June 22, 1979).[8] During the last three years, the New York state courts have fre-

quently considered language nearly identical to the instruction at issue here, and have consistently held such language to be erroneous on account of its burden-shifting potential.[9] *See People v. Vasquez*, App.Div.,

**7.** The instruction at issue in *Brown* read as follows:

> Now, evidence with relation to an alibi should be most carefully scrutinized. If the defendant's guilt is not established beyond a reasonable doubt, by reason of the truth of the alibi, you must acquit him. The defendant is not required to prove an alibi beyond a reasonable doubt; but you must be satisfied as to the truth of the alibi.
>
> In other words, it is sufficient that the alibi testimony raise a reasonable doubt, if that testimony of that evidence is sufficient to raise a reasonable doubt, concerning the defendant's whereabouts at the particular time when the crime was committed. If the jury believes that evidence, that alibi itself entitles him to a verdict of not guilty. It is for you, the jury, to determine whether or not the alibi should be believed.

*Brown I, supra*, slip op. at 4. Judge Lowe, apparently accepting the proposition that the alibi instruction had burden-shifting potential when read in isolation, held, upon reading the charge in its entirety, *Brown I, supra*, slip op. at 8–9, and taking into consideration Brown's failure to make a timely objection at trial to the alibi instruction, *Brown II, supra*, slip op. at 6, that this instruction did not give rise to error of federal constitutional dimension. *Brown I, supra*, slip op. at 9.

**8.** The instruction at issue in *Robinson* read as follows:

> Evidence with relationship to an alibi should be most carefully scrutinized.
>
> If a defendant's guilt is not established beyond a reasonable doubt by reason of the truth of an alibi, you must acquit him.
>
> The defendant is not required to prove an alibi beyond a reasonable doubt, but you must be satisfied as to the truth of the alibi.
>
> In other words, it is sufficient to raise a reasonable—in other words, if it is sufficient to raise a reasonable doubt by evidence concerning the defendant's whereabouts at the particular time the crime was committed, if the jury believes that evidence, that alibi itself entitles him to a verdict of not guilty. It is for you, the jury to determine whether or not the alibi should be believed.

*Robinson v. Harris, supra*, slip op. at 13. Judge Conner, apparently accepting the proposition that the alibi instruction had burden-shifting potential when read in isolation, held, upon reading the charge in its entirety and taking into consideration Robinson's failure to make a timely trial objection to the alibi instruction, that this instruction did not give rise to error of federal constitutional dimension. *Id.* at 15.

**9.** The State argues that this line of state court decisions is not relevant to the Court's adjudication of the instant petition because these decisions are grounded on state law and not the United States Constitution. However, while the holdings of these cases are technically state-law holdings, it is apparent to the Court that the advent of this line of decisions was substantially a result of the federal constitutional considerations discussed in text *supra*. *See, e.g., People v. Lediard*, 80 A.D.2d 237, 241–42, 438 N.Y.S.2d 540, 543 (1st Dep't 1981) (citing "U.S. Constitution, Amendment XIV" in support of holding that "[t]o require the defendant to bear the burden of proof and in conditioning reasonable doubt on the truth of defendant's alibi, is a deprivation of due process"); *People v. Jones*, 74 A.D.2d 515, 515–16, 425 N.Y.S.2d 5, 6 (1st Dep't 1980) ("[i]n shifting to defendant the burden of proof, and in requiring the truth of the alibi as a condition for the existence of reasonable doubt, the charge deprived defendant of due process under the Constitution"). In any event, it is important to keep in mind the relatively narrow purpose for which the Court relies upon these New York decisions. The Court has concluded that a reasonable juror could have understood the alibi instruction given at petitioner's trial as imposing a burden of persuasion on Simmons with respect to his alibi defense. These New York decisions are cited merely to point out, in support of that conclusion, that other judges have found burden-shifting potential in alibi instructions indistinguishable from the alibi instruction given at petitioner's trial. The Court recognizes, indeed it has already stated in text *supra*, that prejudicial error of federal constitutional dimension does not occur every time a jury charge contains a single instruction having burden-shifting potential. Further, the Court does not contest the proposition that a given burden-shifting instruction might at once be a proper predicate for a state appellate court to reverse a defendant's conviction, but not a sufficient ground for a federal court to grant the same defendant's habeas corpus petition. However, while it agrees that state appellate courts and federal habeas corpus courts adjudicate the legal significance of burden-shifting instructions by different standards, the Court does not believe that state appellate courts and federal habeas corpus courts engage in different analyses to determine whether a given instruction has burden-shifting potential. No matter what court is considering the instruction, the relevant inquiry is whether a reasonable juror could have understood the instruction

449 N.Y.S.2d 8, 9 (2d Dep't 1982);[10] *People v. Costales*, App.Div., 448 N.Y.S.2d 223, 224 (2d Dep't 1982)[11]; *People v. Mays*, 84 A.D.2d 553, 553, 443 N.Y.S.2d 174, 174 (2d Dep't 1981)[12]; *People v. Cadorette*, 83 A.D.2d 908, 908, 442 N.Y.S.2d 137, 138 (2d Dep't 1981)[13]; *People v. Acevedo*, 83

to impose on the defendant a burden of persuasion with respect to an element of the crime charged. *Compare Sandstrom v. Montana, supra*, 442 U.S. at 514, 99 S.Ct. at 2454 (stating relevant inquiry for federal habeas corpus purposes) *with People v. Rudney*, 83 A.D.2d 746, 746, 443 N.Y.S.2d 502, 503 (4th Dep't 1981) (stating relevant inquiry for state appellate purposes). Therefore, the Court finds strong support for its conclusion as to the burden-shifting potential of the instruction at issue here in the fact that at least twenty-nine Appellate Division Justices have found virtually indistinguishable instructions to have burden-shifting potential.

**10.** In *Vasquez*, the judge instructed the jury as follows, in relevant part:

Evidence with relation to an alibi should be carefully scrutinized by you. If the defendants' guilt is not established beyond a reasonable doubt by reason of the truth of an alibi, you must acquit them. The defendants are not required to prove an alibi beyond a reasonable doubt. But you are and must be satisfied—you must be satisfied as to the truth of the alibi. In other words, if it is sufficient to raise a reasonable doubt by evidence concerning the defendants' whereabouts at a particular time when the crimes were committed, if the jury believes that evidence, that alibi itself entitles the defendant [sic] to a verdict of not guilty. It is, of course, for you, the jury, to determine whether or not the alibi should be believed.

*People v. Vasquez, supra*, App.Div., 449 N.Y.S.2d at 9. The Appellate Division reversed Vasquez's conviction, commenting that the judge's alibi instruction "was the often criticized one," and observing that "[t]he People, with commendable candor, concede that a reversal and a new trial are required" as a result of this instruction. 449 N.Y.S.2d at 9.

**11.** In *Costales*, the judge instructed the jury as follows, in relevant part:

Evidence with relation to an alibi should be most carefully scrutinized. If a defendant's guilt is not established beyond a reasonable doubt by reason of the fact that the truth of the alibi has been established, you must acquit him. You must be satisfied as to the truth of the alibi. The defendant is not required to prove the alibi beyond a reasonable doubt but you must be satisfied as to its truth. In other words, if it is sufficient to raise a reasonable doubt by evidence concerning a defendant's whereabouts at a particular time when the alleged crime was committed, if you believe that evidence, that alibi itself entitled [sic] him to a verdict of not

guilty. It's for you, the jury, to determine whether or not the alibi should be believed. An alibi is a complete defense and if a defendant introduces sufficient evidence so that a jury entertains reasonable doubt as to whether he was present at the time and place alleged in the indictment and established by the prosecution's evidence, then it is the jury's duty to acquit.

*Respondent's Brief at 15, People v. Costales, supra*. The Appellate Division reversed Costales's conviction, stating that the trial judge's alibi charge "can be interpreted as shifting the burden of proof to the defendant on the alibi issue, and it is therefore improper." 448 N.Y.S.2d at 224.

**12.** In *Mays*, the trial judge instructed the jury as follows, in relevant part:

If the defendant's guilt is not established beyond reasonable doubt, by reason of the truth of an alibi, you must acquit him. The defendant is not required to prove alibi beyond a reasonable doubt. But you must be satisfied as to the truth of the alibi. In other words, if it is sufficient to raise a reasonable doubt by evidence concerning the defendant's whereabouts at the particular time when the crime was committed, if the jury believes that evidence, that alibi entitles the defendant to an [sic] verdict of not guilty. It is for you, the jury, to determine whether or not the alibi should be believed.

*Brief for Defendant-Appellant at 15, People v. Mays, supra*. The Appellate Division reversed Mays's conviction, stating that "[t]he Trial Justice's charge regarding defendant's alibi defense essentially follows the language that we have repeatedly held to constitute reversible error." 84 A.D.2d at 553, 443 N.Y.S.2d at 174.

**13.** In *Cadorette*, the trial judge instructed the jury as follows, in relevant part:

Evidence with relation to an alibi should be most carefully scrutinized. If the defendant's guilt is not established beyond a reasonable doubt by reason of the truth of an alibi, you must acquit him. The defendant is not required to prove an alibi beyond a reasonable doubt, but you must be satisfied as to the truth of the alibi. If the alibi proof raises a reasonable doubt in your minds as to whether this accused defendant was present at the time and place when and where the crime is charged to have been committed, he is entitled to have this evidence treated like any other—he is not obliged to establish that it was impossible for him to commit the acts charged. Even if, under the evidence he has presented, you believe it might still have been

A.D.2d 813, 814, 442 N.Y.S.2d 56, 57 (1st Dep't 1981)[14]; *People v. Bauer*, 83 A.D.2d 869, 869, 442 N.Y.S.2d 24, 25 (2d Dep't 1981)[15]; *People v. Reed*, 83 A.D.2d 645, 646, 441 N.Y.S.2d 518, 519 (2d Dep't 1981)[16];

possible for him to commit the crime charged, you still are faced with the duty of determining whether he actually availed himself of that possibility. If you believe there was a reasonable doubt of that, you must acquit him. In other words, the defendant has come forward through his witness and said I was not there, I was home. If you believe that testimony, of course, you must acquit him. If you don't believe that testimony, you may convict him.

Brief for Defendant-Appellant at 14, *People v. Cadorette, supra.* The Appellate Division unanimously agreed that "[t]he trial court's charge on alibi was ... erroneous," 83 A.D.2d at 908, 442 N.Y.S.2d at 138; nevertheless, Cadorette's conviction was affirmed because three members of the court found the error "harmless in the circumstances of this case." 83 A.D.2d at 908, 442 N.Y.S.2d at 138. The New York Court of Appeals subsequently granted Cadorette leave to appeal the Appellate Division's denial of his appeal. *People v. Cadorette*, 54 N.Y.2d 1032, 446 N.Y.S.2d 1033, 430 N.E.2d 1328 (1981). The Court of Appeals affirmed the Appellate Division's decision on June 23, 1982, holding that Cadorette, by failing to except to the trial judge's alibi instruction, had failed to preserve the alibi-instruction issue for appellate review. *People v. Cadorette*, No. 379 (N.Y. June 23, 1982).

**14.** In *Acevedo*, the trial judge instructed the jury as follows, in relevant part:

Now, as I have indicated to you before, and I am going to do so in more detail, the defendant does not have the burden of proof in a criminal case, that burden remains with the People at all times, and defendant is not required to prove his alibi beyond a reasonable doubt, *but you must, of course, be satisfied as to the truth of the alibi and it is for you, the jury, to determine whether or not the alibi should be believed, obviously, you could believe defendant was not there.* Again, if you believe that, that's the end of the case, but defendant is not obligated to establish that it was impossible for him to commit the crime charged if under the evidence presented specifically to prove the defendant's alibi, it may still be possible for the defendant to have committed the crime, then it is for you to determine whether defendant availed himself of that possibility. But, if the proof as to alibi when taken into consideration with all the other evidence raises a reasonable doubt as to defendant's guilt, then he is entitled to be found not guilty as to all charges.

Brief for Defendant-Appellant at 13, *People v. Acevedo, supra.* The Appellate Division reversed Acevedo's conviction, holding that the italicized portion of this instruction "improper-

ly shifted to defendant the People's constant burden to disprove the alibi defense beyond a reasonable doubt," and rejecting the prosecution's argument that subsequent portions of the instruction remedied this error. 83 A.D.2d at 814, 442 N.Y.S.2d at 57.

**15.** In *Bauer*, the trial judge instructed the jury as follows, in relevant part:

Evidence with respect to [an] alibi should be most carefully scrutinized. If the defendant's guilt is not established beyond a reasonable doubt by reason of the truth of an alibi, you must acquit him. The defendant is not required to prove an alibi beyond a reasonable doubt, but you must be satisfied as to the truth of the alibi. In other words, if it is sufficient to raise a reasonable doubt by evidence concerning the defendant's whereabouts at the particular time when the crime was committed, if the jury believes that evidence, that alibi itself entitles him to a verdict of not guilty. It is for you, the jury, to determine whether or not the alibi should be believed.

*People v. Bauer, supra*, 83 A.D.2d at 869, 442 N.Y.S.2d at 25. The Appellate Division reversed Bauer's conviction, holding that the alibi instruction, "even when analyzed in relation to the entire charge, impermissibly served to place the burden upon the defendant to prove the truth of his alibi." 83 A.D.2d at 869, 442 N.Y.S.2d at 25.

**16.** In *Reed*, the trial judge instructed the jury as follows, in relevant part:

Evidence with relation to an alibi should be carefully scrutinized. If a defendant's guilt is not established beyond a reasonable doubt [by reason of (?) ] of the truth of an alibi, you must acquit him. The defendant is not required to prove an alibi beyond a reasonable doubt or by any burden of proof. But you must be satisfied as to the truth of the alibi. The burden of proof, as always, remains with the People to prove each and every element that I have gone through with you of the crimes charged beyond a reasonable doubt.

... In other words, if the defendant's alibi is sufficient to raise a reasonable doubt by evidence concerning the defendants' [sic] whereabouts at the particular time when the crime was committed, and if the jury believes that evidence, then the alibi itself entitles him to a verdict of not guilty.

As always, however, it is for you the jury to determine whether or not the alibi is to be believed.

Trial Transcript at 851–52, *People v. Reed, supra.* The Appellate Division reversed Reed's conviction, stating that various of the trial

*People v. Carreras*, 83 A.D.2d 590, 590, 441 N.Y.S.2d 118, 119 (2d Dep't 1981)[17]; *People v. Lediard*, 80 A.D.2d 237, 241–42, 438 N.Y.S.2d 540, 543 (1st Dep't 1981)[18]; *People v.* *Lee*, 80 A.D.2d 905, 905, 437 N.Y.S.2d 111, 112 (2d Dep't 1981)[19]; *People v. Boone*, 78 A.D.2d 461, 465–66, 435 N.Y.S.2d 268, 271 (1st Dep't 1981)[20]; *People v. Velazquez*, 77

judge's comments "could be interpreted as shifting the burden of proof [as to the alibi defense] to the defendant." 83 A.D.2d at 645, 441 N.Y.S.2d at 519.

17. In *Carreras*, the trial judge instructed the jury as follows, in relevant part:

> Evidence with relation to an alibi should be carefully scrutinized by you. If the defendants' guilt is not established beyond a reasonable doubt by reason of the truth of an alibi, you must acquit them. The defendants are not required to prove an alibi beyond a reasonable doubt. But you are and must be satisfied—you must be satisfied as to the truth of the alibi. In other words, if it is sufficient to raise a reasonable doubt by evidence concerning the defendants' whereabouts at a particular time when the crimes were committed, if the jury believes that evidence, that alibi itself entitles the defendant [sic] to a verdict of not guilty. It is, of course, for you, the jury to determine whether or not the alibi should be believed.

Respondent's Brief at 14, *People v. Carreras*, *supra*. The Appellate Division reversed Carreras's conviction, stating that "[t]he trial court's charge as to the alibi defense was improper as it served to place the burden upon the defendant to prove the truth of his alibi." 83 A.D.2d at 590, 441 N.Y.S.2d at 119.

18. In *Lediard*, the trial judge instructed the jury as follows, in relevant part:

> Evidence with relation to an alibi should be most carefully scrutinized. If the defendant's guilt is not established beyond a reasonable doubt by reason of the truth of an alibi, you must acquit him. The defendant is not required to prove an alibi beyond a reasonable doubt, but you must be satisfied as to the truth of that alibi.
>
> In other words, if it is sufficient to raise a reasonable doubt by the evidence concerning the defendant's whereabouts at the particular time when the crime was committed, if the jury believes that evidence, that alibi itself entitles him to a verdict of not guilty, because it raises a reasonable doubt.
>
> It is for you to determine, the jury to determine, whether or not the alibi should be believed as to the particular crime for which it is offered.

Brief for Defendant-Appellant at 25, *People v. Lediard, supra*. The Appellate Division reversed Lediard's conviction, stating that "[t]hese instructions erroneously indicated that defendant had the burden to prove the truth of his alibi defense" and that "[i]t was error to charge that the jury 'must be satisfied as to the truth of the alibi' before the defense could raise a reasonable doubt as to the guilt of the defendant." 80 A.D.2d at 241, 438 N.Y.S.2d at 543.

19. In *Lee*, the trial judge instructed the jury as follows, in relevant part:

> Evidence which [sic] with relation to an alibi must be carefully scrutinized. If the defendant's guilt is not established beyond a reasonable doubt by reason of the truth of an alibi you must acquit him. The defendant is not required to prove an alibi beyond a reasonable doubt or by a preponderance of the evidence, but you must be satisfied as to the truth of the alibi. The burden of proof is [sic] always remains with the People to prove each and every element of the crime charged beyond a reasonable doubt. In this case the People must prove beyond a reasonable doubt that the defendant was at the scene of the crime. In other words, if the defendant's alibi is sufficient to raise a reasonable doubt by the evidence concerning the defendant's whereabouts at the particular time when the crime was committed, if the jury believes that evidence, that alibi itself entitles him to a verdict of not guilty. It is for you, the jury, to determine whether or not the alibi should be believed.

Brief for Defendant-Appellant at 15, *People v. Lee, supra*. The Appellate Division reversed Lee's conviction, stating that "[t]he trial court's charge impermissibly served to place the burden upon the defendant to prove the truth of his alibi." 80 A.D.2d at 905, 437 N.Y.S.2d at 112.

20. In *Boone*, the trial judge instructed the jury as follows, in relevant part:

> Evidence with relations [sic] to alibis should be most carefully considered. If the defendant's guilt is not established beyond a reasonable doubt by reason of the truth of an alibi, you must acquit him. You must be satisfied as to the truth of the alibi. In other words, if it is sufficient to raise a reasonable doubt by evidence concerning the defendant's whereabouts at the particular time when this crime was committed, if the jury believes that evidence, that alibi itself entitles him to a verdict of not guilty as to these counts in the indictment, or this count, the first count of the indictment. It is for you, the jury, to determine whether or not the alibi should be believed.

Brief for Defendant-Appellant at 9–10, *People v. Boone, supra*. The Appellate Division reversed Boone's conviction, holding that this alibi instruction "shifted the burden of proof to the defendant." 78 A.D.2d at 465, 435 N.Y.S.2d at 271.

A.D.2d 845, 846, 431 N.Y.S.2d 37, 38 (1st Dep't 1980) [21]; *People v. Rothaar,* 75 A.D.2d 652, 652, 427 N.Y.S.2d 272, 273 (2d Dep't 1980) [22]; *People v. Jones,* 74 A.D.2d 515, 515–16, 425 N.Y.S.2d 5, 6 (1st Dep't 1980) [23];

**21.** In *Velazquez,* the trial judge instructed the jury as follows, in relevant part:

> I stated to you before and I state it to you again, evidence of any witness with relation to any testimony should be carefully scrutinized. The same exists to the same manner alibi. [Sic.] If the defendant's guilt is not established beyond a reasonable doubt by reason of the truth of an alibi, you must acquit him. The defendant is not required to prove an alibi beyond a reasonable doubt. But you must be satisfied as to the truth of the alibi.
>
> In other words, if the alibi is sufficient to raise a reasonable doubt by evidence concerning the defendant's whereabouts at the peculiar time where the crime was committed, if the jury believes that evidence, if you believe it, then the alibi itself entitles him for [sic] a verdict of not guilty. Because it's obvious that a person cannot be in two places at the same time. It is for you, the jury, to determine whether or not the alibi should be believed even if you do not believe the alibi evidence. This does not necessarily mean you must or should convict the defendant. It is something, if you don't believe the alibi, that you may consider in coming to your verdict. The People must still prove the defendant's guilt beyond a reasonable doubt on all the evidence of the case.

Supplemental Brief of the Defendant-Appellant at 2, *People v. Velazquez, supra.* The Appellate Division reversed Velazquez's conviction, stating that this alibi instruction, "even when compared to the entire instruction, impermissibly served to place upon defendant the burden of proof as to his alibi defense." 77 A.D.2d at 846, 431 N.Y.S.2d at 38.

**22.** In *Rothaar,* the trial judge instructed the jury as follows, in relevant part:

> Evidence with relation to an alibi should be examined most closely. If the defendant's guilt is not established beyond a reasonable doubt by reason of the truth of the alibi, you must acquit him. The defendant is not required to prove an alibi beyond a reasonable doubt, but you must be satisfied as to the truth of the alibi. If the jury believes that the evidence concerning Mr. Rothaar's whereabouts at the time of the alleged crimes in Mrs. Netter's home is sufficient to raise a reasonable doubt, then the alibi entitles the defendant to a verdict of not guilty. It is for you, the jury to determine whether or not the alibi should be believed.

*People v. Griswold,* 72 A.D.2d 778, 778, 421 N.Y.S.2d 400, 401 (2d Dep't 1979) [24].

Having concluded that a reasonable jury could have understood the alibi

Defendant-Appellant's Brief at 21, *People v. Rothaar, supra.* The Appellate Division reversed Rothaar's conviction, stating that this instruction "could be interpreted by the jury as shifting the burden of proof." 75 A.D.2d at 652, 427 N.Y.S.2d at 273.

**23.** In *Jones,* the trial judge instructed the jury as follows, in relevant part:

> Evidence with relation to an alibi should be most carefully considered. If the defendant's guilt is not established beyond a reasonable doubt—by reason of the truth of an alibi you must acquit him. You must be satisfied as to the truth of the alibi. In other words, if it is sufficient to raise a reasonable doubt by evidence concerning the defendant's whereabouts at the particular time when the crime was committed, if the jury believes that evidence, that alibi itself entitles him to a verdict of not guilty. It is for you the jury to determine whether or not the alibi should be believed.

*People v. Jones, supra,* 74 A.D.2d at 515, 425 N.Y.S.2d at 6. The Appellate Division reversed Jones's conviction, stating that "[t]he charge . . . impermissibly placed upon defendant the burden of proving his alibi defense." 74 A.D.2d at 515, 425 N.Y.S.2d at 6. "Furthermore," the court commented, "the [trial judge] should not have charged that the jury must be satisfied of the truth of the alibi before the defense could raise a reasonable doubt as to the guilt of defendant." 74 A.D.2d at 515, 425 N.Y.S.2d at 6.

**24.** In *Griswold,* the trial judge instructed the jury as follows, in relevant part:

> Evidence with relation to alibi should be most carefully scrutinized if the defendant's guilt is not established beyond a reasonable doubt. By reason of the truth of his alibi you must acquit him. The defendant is not required to prove alibi beyond a reasonable doubt, but you must be satisfied of the truth of the alibi.
>
> In other words, if it is sufficient to raise a reasonable doubt by evidence concerning the defendant's whereabouts at the particular time that the crime was committed. If the jury believes the evidence, that alibi itself entitles him to a verdict of not guilty.

Brief for Defendant-Appellant at 23, *People v. Griswold, supra.* The Appellate Division reversed Griswold's conviction, stating that "[t]his language impermissibly served to place the burden on defendant to prove his alibi." 72 A.D.2d at 778, 421 N.Y.S.2d at 401.

instruction given at petitioner's trial to impose a burden of persuasion on Simmons with respect to his alibi defense, the Court now proceeds to the second stage of its analysis of the constitutional sufficiency of the state trial judge's jury charge. As previously stated, the Court may not find error of constitutional dimension, and hence must dismiss the petition, if its review of the entire charge demonstrates that, notwithstanding the deficient alibi instruction, the charge as a whole clearly informed the jury that Simmons had no burden of persuasion whatsoever with respect to his alibi defense. The Court begins this stage of its analysis by making two observations. First, once a judge gives an alibi instruction that the jury could reasonably have understood as imposing a burden of persuasion on the defendant with respect to his or her alibi defense, the charge as a whole cannot possibly clearly inform the jury of the correct rule of law, no matter how many accurate instructions on burden of persuasion the judge previously gave or subsequently gives, unless a reasonable jury would necessarily understand the other instructions to be rhetorically inconsistent with the incorrect understanding that the jury reasonably could have obtained from the ailing instruction. *See Sandstrom v. Montana, supra,* 442 U.S. at 518–19 n.7, 99 S.Ct. at 2456–2457 n.7; *Callahan v. LeFevre,* 605 F.2d 70, 75 (2d Cir. 1979). Second, even if the charge contained such a necessary rhetorical inconsistency, it may not be said that the charge as a whole clearly informed the jury of the correct legal rule unless the circumstances of the case are such that a reasonable jury would have resolved this inconsistency by rejecting the constitutionally invalid interpretation of the ailing instruction. *See Sandstrom v. Montana, supra,* 442 U.S. at 525–26, 99 S.Ct. at 2459–2460; *Rivera v. Coombe, supra,* 534 F.Supp. at 991.

The State, in arguing that the charge as a whole clearly informed the jury at petitioner's trial that Simmons had no burden of persuasion with respect to his alibi defense, points out that the trial judge, subsequent to delivering the defective alibi in-

struction, continued his discussion of the legal principles that governed the jury's deliberations, and, in the course thereof, correctly defined the term "reasonable doubt," Transcript at 705–07, and correctly told the jury that the prosecution was required to prove every element of the crimes charged beyond a reasonable doubt, Transcript at 707–08. Since petitioner's alibi defense plainly sought to negate an element (indeed, all the elements) of the crimes with which he was charged, it follows that, to the extent the earlier alibi instruction was susceptible of being understood to impose on Simmons a burden of persuasion with respect to his alibi defense, these later instructions were necessarily rhetorically inconsistent with the alibi instruction. For three reasons, however, the Court is unable to conclude that the jury must have resolved this inconsistency by rejecting the constitutionally invalid interpretation of the alibi instruction, and hence is unable to hold that the charge as a whole clearly informed the jury of the correct legal rule.

*First,* the Court is extremely doubtful that the jury, assuming that it understood the judge's alibi instruction to place a burden of persuasion on Simmons, perceived the necessary rhetorical inconsistency between the alibi instruction and the judge's later instructions on the prosecution's burden of persuasion and the meaning of reasonable doubt. The reports are brimming with appellate decisions where criminal convictions were reversed on the ground that the trial judge did not perceive the necessary rhetorical inconsistency between an alibi instruction similar to that given at petitioner's trial and the beyond-a-reasonable-doubt instruction mandated by *In re Winship, supra.* In light of the fact that literally dozens of state and federal judges have failed, upon considering the matter for the first time, to understand the inconsistency in at once requiring the prosecution to prove all the elements of the crime beyond a reasonable doubt and requiring the defendant to prove his or her alibi by some evidentiary standard or another, it strikes

the Court as utterly fanciful to suppose that twelve lay jurors, having heard a burden-shifting alibi instruction and having sometime thereafter heard a proper beyond-a-reasonable-doubt instruction, must surely have recognized that they would violate the beyond-a-reasonable-doubt instruction were they, as directed by the defective alibi instruction, to require the defendant to satisfy a burden of persuasion in order to prevail on his or her alibi defense. For this reason, numerous decisions have held that general instructions correctly defining reasonable doubt and properly requiring the prosecution to satisfy the beyond-a-reasonable-doubt burden of persuasion with respect to every element of the crime are not by themselves sufficient antidotes for an alibi instruction that reasonably could be interpreted as placing on the defendant's shoulders some burden of establishing his alibi. *See, e.g., United States v. Fortes*, 619 F.2d 108, 124 (1st Cir. 1980); *United States v. Burse*, 531 F.2d 1151, 1153 (2d Cir. 1976); *United States v. Booz, supra*, 451 F.2d at 723; *Stump v. Bennett, supra*, 398 F.2d at 122; *Adkins v. Bordenkircher, supra*, 517 F.Supp. at 399; *Rogers v. Redman, supra*, 457 F.Supp. at 933; *Dixon v. Hopper*, 407 F.Supp. 58, 65 (M.D.Ga.1976).

*Second*, even if the Court were able to state with a reasonable degree of confidence that the jurors must have recognized the necessary rhetorical inconsistency between the defective alibi instruction and the judge's later correct instructions on reasonable doubt and the prosecution's burden of persuasion, the Court would still not be able to conclude that the jury proceeded to ignore the defective alibi instruction. To be sure, such a conclusion might be possible in a given case, for example, where the later instructions on reasonable doubt and

the prosecution's burden of persuasion either followed "immediately after" the defective alibi instruction or specifically referred back to that instruction. In such a case, it is reasonable to conclude that the later instructions had an overriding effect in the jurors' minds, and thus eliminated any significant possibility that the jurors would interpret the defective alibi instruction in a constitutionally impermissible fashion. *See United States v. Fortes, supra*, 619 F.2d at 124; *Wright v. Smith*, 569 F.2d 1188, 1192 (2d Cir. 1978); *Johnson v. Spalding, supra*, 510 F.Supp. at 168. Here, however, the judge's *correct* instructions on reasonable doubt and the prosecution's burden of persuasion were given a good time after, and in no way referred back to, the judge's alibi instruction.[25] Since the alibi instruction was more specific than the later general instructions on reasonable doubt and the prosecution's burden of persuasion, the Court sees no reason to conclude that the jurors, assuming they interpreted the alibi instruction to impose a burden of persuasion on Simmons and perceived the necessary rhetorical inconsistency between the alibi instruction and the later instructions, proceeded to discard the alibi instruction in favor of the later instructions when they deliberated on the alibi defense. *See Adkins v. Bordenkircher, supra*, 517 F.Supp. at 399.

*Third*, the Court observes that defense counsel made a timely objection to the trial judge's alibi instruction (which objection was overruled) and timely requested that the trial judge give a different alibi instruction (which request was refused). The Court is well aware that there are at least three decisions in this Circuit in which claims similar to petitioner's were rejected on the ground that, even assuming the chal-

---

**25.** As explained in text *supra*, while the trial judge did refer to the concept of "reasonable doubt" twice during his alibi instruction itself, he did so *incorrectly*, because he stated, or at least implied, (1) that Simmons was required, by his alibi evidence, to "raise" or "create" the reasonable doubt necessary for a verdict of not guilty, and (2) that the jurors could rely on alibi evidence to find the requisite reasonable doubt only if they "believed" that evidence and hence

were persuaded of the "truth of the alibi." Thus, while correct instructions on reasonable doubt and the prosecution's burden of persuasion, if given in the context of the alibi instruction itself, might have permitted the Court to conclude that the charge as a whole clearly informed the jury of the correct legal rule, the instructions given here do not permit such a conclusion.

lenged alibi instruction had burden-shifting potential, the charge as a whole clearly informed the jury of the correct legal rule as to the prosecution's burden of persuasion. *See Wright v. Smith, supra,* 569 F.2d at 1193–94; *Brown II, supra,* slip op. at 5; *Robinson v. Harris, supra,* slip op. at 15. However, in each of these cases the petitioner had failed to make a timely objection to the alibi instruction of which he was now complaining in federal court, meaning, in the reviewing court's view, that the petitioner faced a particularly heavy burden in arguing that the ailing alibi instruction so infected the entire trial that his resulting conviction violated due process.[26] *See Wright v. Smith, supra,* 569 F.2d at 1192; *Brown II, supra,* slip op. at 6; *Robinson v. Harris, supra,* slip op. at 15. Therefore, these three cases are properly distinguished from the instant case because, in each of

these cases, the court reviewed the charge under a standard significantly less favorable to the petitioner than the standard that this Court is required to apply in reviewing the charge given at Simmons's trial. *Accord, Lopez v. Curry,* 454 F.Supp. 1200, 1207–08 (S.D.N.Y.), *aff'd,* 583 F.2d 1188 (2d Cir. 1978). Since these three decisions do not control the Court's determination whether the charge given at petitioner's trial, when considered as a whole, clearly informed the jury of the correct rule of law regarding the prosecution's burden of persuasion with respect to his alibi defense, the Court adheres to its conclusion, based on the reasoning previously expressed, that a reasonable juror could have considered the charge in its entirety and concluded that Simmons was required to satisfy a burden of persuasion in order to prevail on his alibi defense.

**26.** In holding that a federal habeas corpus petitioner who challenges the constitutionality of an instruction given at his state trial faces a particularly heavy burden on the *merits* of his claim if he failed to interpose a timely trial objection to the instruction of which he now complains, each of these decisions relied on the Supreme Court's decision in *Henderson v. Kibbe,* 431 U.S. 145, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977). The Court takes this occasion to express its serious doubt that *Henderson v. Kibbe* should be read to stand for this proposition. Analytically, of course, the failure of a federal habeas corpus petitioner to interpose a timely trial objection to the instruction of which he now complains ought have nothing whatever to do with the *merits* of the petitioner's constitutional claim, but should be relevant merely to the question whether or not the petitioner is *procedurally barred* from presenting that claim. The decisions of the Supreme Court are perfectly consistent with this logic. The Supreme Court has long recognized that, in certain circumstances, a defendant's failure to comply with state procedural rules will cause him to be precluded from attacking his conviction via a federal habeas petition. *See, e.g., Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). In *Henderson v. Kibbe, supra,* the Court stated simply that "[i]t is the rare case in which an improper instruction will justify reversal of a criminal conviction when no objection has been made in the trial court." 431 U.S. at 154, 97 S.Ct. at 1736. Nothing in *Henderson v. Kibbe* indicates that this statement, rather than referring to situations where the petitioner's failure to make a timely trial objection results in a procedural bar of federal habeas corpus review, was intended to enunci-

ate a new principle under which the absence of a contemporaneous trial objection would become relevant to the merits of a federal constitutional claim when presented via a federal habeas corpus petition. Less than two months after *Henderson v. Kibbe* was decided, the Supreme Court gave content to its above-quoted statement in that case by holding that federal habeas corpus review is procedurally barred where (1) a state court has held that the petitioner is precluded, by virtue of having failed to comply with a state rule of procedure, from presenting his federal constitutional claim in state court, and (2) the petitioner has failed to show cause for the noncompliance and actual *prejudice resulting from the alleged constitutional violation. Wainwright v. Sykes, supra,* 433 U.S. at 86–87, 97 S.Ct. at 2506–2507. Since *Wainwright v. Sykes,* the Supreme Court has *never* relied on the absence of a contemporaneous trial objection as a ground for rejecting *on the merits* a federal habeas corpus petitioner's constitutional claim that a defective jury instruction deprived him of due process. Rather, the failure to make a timely trial objection either forms the basis for a *Wainwright v. Sykes* dismissal of the petition, *see, e.g., Engle v. Isaac,* —— U.S. ——, 102 S.Ct. 1558, 1575, 71 L.Ed.2d 783 (1982), or, in the event the *Wainwright v. Sykes* standard is not met, becomes utterly irrelevant to the Court's adjudication of the case, *see, e.g., County Court v. Allen,* 442 U.S. 140, 147–54, 99 S.Ct. 2213, 2219–2223, 60 L.Ed.2d 777 (holding *Wainwright v. Sykes* inapplicable, *notwithstanding absence of contemporaneous objection),* 154–67, 99 S.Ct. at 2223–2230 (adjudicating merits of case without reference to failure to interpose contemporaneous objection) (1979).

In sum, the Court concludes that a reasonable juror could have understood the alibi instruction given at petitioner's trial to impose a burden of persuasion on Simmons with respect to his alibi defense. The Court is unable to find, upon reviewing the judge's charge as a whole, that the jury at petitioner's trial was clearly informed, notwithstanding the defective alibi instruction, of the correct rule of law as to whether Simmons bore any burden of persuasion with respect to his alibi defense. The judge at petitioner's trial thus committed error of federal constitutional dimension in charging the jury on the alibi defense. This error requires that petitioner's conviction of first-degree sodomy, first-degree robbery, and criminal possession of a weapon be vacated unless the error can be found harmless, a question to which the Court adverted earlier and now returns.

## II

The Supreme Court has imposed narrow limitations on the ability of a reviewing court to conclude that a federal constitutional error committed during a criminal trial was "harmless." Some constitutional rights are so basic to a fair trial that their infraction may never be treated as harmless error. *Holloway v. Arkansas*, 435 U.S. 475, 489, 98 S.Ct. 1173, 1181, 55 L.Ed.2d 426 (1978). Those federal constitutional violations that do not fall in the category of infractions that demand "automatic reversal" may be deemed nonprejudicial in a given case, but only if the reviewing court is able to declare a belief that the violation in question was harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967); *Forman v. Smith*, 633 F.2d 634, 642 (2d Cir. 1980), *cert. denied*, 450 U.S. 1001, 101 S.Ct. 1710, 68 L.Ed.2d 204 (1981).

The Supreme Court has not yet decided whether an error such as occurred at petitioner's trial may ever be declared harmless. However, many lower courts have held that burden-shifting alibi instructions may be subjected to harmless-error analysis. *See, e.g., Robinson v. Warden,*

*Maryland Penitentiary*, 518 F.Supp. 219, 222–23 (D.Md.1981); *Fulton v. Warden, Maryland Penitentiary, supra*, 517 F.Supp. at 489; *Rogers v. Redman, supra*, 457 F.Supp. at 934–35; *Wright v. Smith*, 434 F.Supp. 339, 348 (W.D.N.Y.1977), *rev'd on other grounds*, 569 F.2d 1188 (2d Cir. 1978). *But see, e.g., Graham v. Maryland*, 454 F.Supp. 643, 651 (D.Md.1978) (charge that is reasonably susceptible of being understood to impose burden of persuasion on defendant with respect to his alibi defense may never be found harmless). This Court joins what it views to be the substantial weight of authority and holds that an error such as occurred at petitioner's trial may, in an appropriate case, be declared harmless.

In order to conclude that Simmons was not prejudiced by the federal constitutional violation that occurred at his trial, the Court must, as noted, be able to declare a belief that this violation was harmless beyond a reasonable doubt. *Chapman v. California, supra*, 386 U.S. at 24, 87 S.Ct. at 828. Since the success or failure of an alibi defense normally depends upon the credibility of the defendant's alibi witnesses as compared to the credibility of the prosecution's identification witnesses, it is plain that an erroneous alibi instruction may be found harmless only in a rare case. Two courts have found an error such as occurred at petitioner's trial harmless because the prosecution introduced independent evidence that powerfully corroborated the testimony of the prosecution's identification witnesses. *See Robinson v. Warden, Maryland Penitentiary, supra*, 518 F.Supp. at 223 (defendant's fingerprint found at the scene of the crime); *People v. Cadorette, supra*, 83 A.D.2d at 908, 442 N.Y.S.2d at 138 (defendant, in conversations with the police, revealed knowledge of non-public details of the crime). A third court has found an error such as occurred at petitioner's trial harmless because the defendant's alibi witness testified merely that he saw the defendant a few blocks from the scene of the crime for five minutes during the three-hour period within which the crime was committed. *See Fulton v. Warden, Mary-*

land *Penitentiary, supra,* 517 F.Supp. at 489. These three decisions, which are, as far as the Court's research has disclosed, the only occasions where a burden-shifting alibi instruction has been found harmless, involved facts far different from the instant case. The *only* evidence linking Simmons with the crime was the identification testimony of Rivera, the victim of the crime. Petitioner's six alibi witnesses testified that they saw Simmons for the entire period during which the crime occurred. The prosecution's effort to impeach these witnesses diminished their credibility somewhat, but not so far as to permit a conclusion by this Court that their testimony was incredible beyond a reasonable doubt. Under circumstances such as these, where petitioner's guilt or non-guilt depended *entirely* on the credibility of his alibi witnesses relative to the credibility of Rivera's identification testimony, there is no way that the Court can find beyond a reasonable doubt that the evidence against Simmons was so overwhelming as to exclude a reasonable possibility that the trial judge's erroneous alibi instruction contributed to the jury's verdict. As a result, the Court may not find this error to have been harmless.

## CONCLUSION

Simmons has shown that the judge at his state trial committed error of federal constitutional dimension in instructing the jury on the subject of his alibi defense. The Court is unable to find this error to have been harmless beyond a reasonable doubt. Accordingly, the petition for a writ of habeas corpus is granted. Simmons is entitled to a new trial on the crimes of which he was convicted; he shall be released from custody if not retried within sixty (60) days of the date of this opinion.

It is so ordered.