THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE L. MCCREADY, Appellant.— Judgment of conviction of the County Court of Nassau county unanimously affirmed. No opinion. Present — Lazansky, P. J., Hagarty, Scudder, Tompkins and Davis, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN SANACORY, Appellant.— Judgment of conviction of the County Court of Westchester county reversed upon the law and a new trial ordered. We have examined the record and find no error as to the facts. Defendant was convicted of the crime of assault in the first degree. Disregarding the circumstantial evidence, Cea, the complainant, was the only witness to the assault, which he claimed occurred at five-thirty on the morning of November 11, 1930. Defendant offered evidence that Cea, in consulting his lawyer with reference to a proposed civil action against the defendant, fixed the time of the assault at three-thirty A. M. at a time when he, the defendant, claims that he was in his restaurant, and adduced proof tending to establish that fact. If the jury believed the testimony of the lawyer offered by the defense and the further proof that the defendant was in his restaurant between the hours of one-thirty and five A. M., an alibi was established. The trial court did not define the meaning of an alibi or make any reference to it in its charge. Defendant, therefore, was entitled to have requests numbered 1 and 2 charged, and their refusal constitutes reversible error. Respondent's argument that the crime was established by the People beyond peradventure and should be affirmed upon this record, notwithstanding the failure of the trial court to present the issues, is not persuasive (People v. Moran, 246 N. Y. 100, 105). We are further of the opinion that it was error to admit proof of Cea's accusation of appellant, who was then under arrest, and to which the latter made no incriminating response. (People v. Marendi, 213 N. Y. 600; People v. Smith, 172 id. 10.) But, see, People v. Cascia (191 App. Div. 376). While the admission of the ice pick as a model of the weapon with which the assault was committed in and of itself would not justify a reversal, we doubt its competency under the rule laid down in People v. Del Vermo (192 N. Y. 470). Further, we are of the opinion that the reference to the facts and result of the Russo trial by the district attorney in his summation to the jury was not justified by the evidence adduced. Lazansky, P. J., Hagarty, Carswell and Tompkins, JJ., concur; Davis, J., dissents.

CATHERINE ROHRIG, Respondent, v. MONTAUK REALTY SECURITY CO., INC., Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Tompkins and Davis, JJ.