The provisions of the statute above cited are mandatory. Upon proof of conviction the order of disbarment follows as matter of course, notwithstanding the pendency of an appeal from the judgment of conviction. (*Matter of Lindheim,* 195 App. Div. 827.)

MARTIN, P. J., TOWNLEY, UNTERMYER, DORE and COHN, JJ., concur.

Respondent disbarred.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* BENJAMIN INTERSIMONE, Appellant.

First Department, June 11, 1943.

*Bernard Burlakoff* of counsel (*Sydney R. Snitkin,* attorney), for appellant.

*Bernard L. Alderman* of counsel (*Frank S. Hogan, District Attorney*), for respondent.

*Per Curiam.* The trial court, reviewing the prosecution's evidence on the essential issue of identification, so marshalled the facts as to emphasize unduly the People's case; he barely made reference to evidence introduced by defendant and his witnesses, and suggested there could be no motive for a false identification. To help the jury intelligently to reach a conclusion on the evidence the court should review the testimony but this should be done fairly and impartially and not in a manner to suggest what the jury's verdict should be.

In charging the jury on the alibi defense the court at the outset suggested that it was fabricated and later improperly refused to charge as requested by defendant's counsel that the defense of alibi may of itself create a reasonable doubt notwithstanding the positive testimony of the police officer to the identification. Proper exceptions were taken to the errors noted.

We think we should not say such errors did not affect substantial rights of the defendant (*People* v. *Fanning,* 131 N. Y. 659, 663; *People* v. *Robins,* 242 App. Div. 516, 521; *People* v. *Rabinowitz,* 290 N. Y. 386). There were other errors upon which we do not comment as they are unlikely to occur in a new trial.

The judgment appealed from should be reversed and a new trial ordered.

Townley, Untermyer, Dore and Callahan, JJ., concur; Martin, P. J., dissents and votes to affirm.

Judgment reversed and a new trial ordered.