■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROMULO TAPIA, Appellant.— Judgment of conviction reversed on the law, on the facts and in the exercise of discretion, and a new trial ordered. Detective Martin was a material witness who in fairness to all parties should have been present at the trial. There was a material discrepancy between the testimony of the complaining witness at the trial as to the time and place of the alleged occurrence, his description of the assailants, the documentary evidence as to certain events, and his testimony as to what he allegedly told Detective Martin. There was a claim that Detective Martin misunderstood the complainant because of some language difficulty, though the complainant himself acknowledged that the detective spoke Spanish well. Identification was the crux of this case and it assumes additional importance in light of the fact that defendant was not in a line-up and was the only person shown to complainant when he was identified at the precinct. While the District Attorney very graciously made a concession as to what Detective Martin's testimony would be, we are persuaded that in the interests of justice a new trial is required. It might be noted that evidence of alibi need not in and of itself create a reasonable doubt, and a defendant is not obliged to show it was impossible for him to have committed the crime. " If the proof as to an *alibi*, when taken into consideration with all the other evidence, raises a reasonable

doubt as to defendant's guilt, he is entitled to an acquittal." (*People* v. *Barbato*, 254 N. Y. 170, 179.) Concur — Botein, P. J., Breitel, Stevens and Bergan, JJ.; McNally, J., dissents and votes to affirm.