The People of the State of New York, Respondent, *v.* Francis Monahan, Appellant.

Fourth Department, April 10, 1964.

*Donald E. Keinz* for appellant.

*Arthur A. Darrigrand, District Attorney* (*Dominick J. Parry* of counsel), for respondent.

*Per Curiam.* In this appeal from a judgment of conviction of forgery in the second degree and grand larceny in the second degree, the defendant contends that there were several prejudicial errors in his trial which require reversal. We agree with him.

Defendant was indicted on several counts growing out of his alleged forgery of two checks made payable to one Morgan and one Murphy, which checks he indorsed and cashed. The jury acquitted him on the transaction involving the Murphy check but convicted him on the Morgan check.

Prosecution upon trial contended that the two checks were among 66 payroll checks payable to employees of a construction company from whose possession they were stolen. A State trooper, the People's witness, was permitted to testify at length as to the theft of all the checks. After this testimony the prosecution offered the defendant's wife as its witness, and over objections of defense counsel, she identified a paper bag containing 54 of the construction company checks which she had delivered to the trooper and which she said she found hidden in her house. Notwithstanding defendant's objections, the court permitted the trooper and defendant's wife to testify at great length as to the theft of the checks from the construction company which, in effect, was an effort to prove a separate and different crime for which defendant was not indicted. This was clearly prejudicial to one who was indicted solely for forgery and cashing two checks.

The next error, caused by the manner in which this case was prosecuted, was permitting the trooper to testify that in a conversation with one Destito, the person who cashed the Murphy check, he showed him pictures of various persons and Destito "picked out one of the pictures as being the person who cashed the check." Defense counsel was clearly correct in

objecting to testimony as to this method of identification for it established the very prejudicial fact that the defendant had been involved with law enforcement officials on prior occasions (*People* v. *Cioffi*, 1 N Y 2d 70, 73; *People* v. *Hunter*, 12 A D 2d 835, 836–837; *People* v. *Sullivan*, 5 A D 2d 847; *People* v. *Hagedorny*, 272 App. Div. 830).

Error was also committed in permitting the defendant's wife, as indicated above, to testify as to the finding of the bag of checks hidden in her home. The whole course of introducing proof as to the stolen payroll checks should not have been permitted and this error was compounded by requiring the wife to breach her confidential relationship with her husband within the meaning of section 2445 of the Penal Law (*People* v. *Daghita*, 299 N. Y. 194; also, see, *People* v. *Oyola*, 6 N Y 2d 259).

The means used by the prosecution to prove the defendant's handwriting worked great prejudice to the defendant. The court received the testimony of defendant's parole officer who testified concerning two letters written to him by defendant during the time the witness was defendant's supervising parole officer. These letters were used by the handwriting expert for comparison purposes. The use of these letters made it very obvious to the jury that defendant had previously been convicted of crime, a fact which, it is very elementary, should not have been permitted. There was other proof of handwriting which the prosecution used and even if there had not been, these letters to defendant's parole officer were definitely inadmissible.

Perhaps the most grievous error was the trial court sustaining the objection of the District Attorney which denied the defense the right to examine the Grand Jury testimony of witness Destito. On cross-examination defense counsel elicited the fact that the witness had testified before the Grand Jury. He requested permission to inspect the Grand Jury testimony of the witness and properly offered as his authority for this request the case of *People* v. *Rosario* (9 N Y 2d 286). Trial court in denying this request indicated that the *Rosario* case referred only to written statements and was not authority for permitting the defense to examine the oral testimony of a witness before the Grand Jury, which testimony, of course, was reduced to writing. It is difficult to understand this ruling in light of the position taken by the Court of Appeals in *Rosario*. (Also, see, *People* v. *Rivera*, 18 A D 2d 1064.) The court became involved with a discussion of inconsistency of testimony as the only ground for permitting the use of a witness' statement before the Grand Jury. This basis for permission to examine a statement has definitely been overruled and it clearly is no

longer necessary to show consistency or inconsistency but rather only relevancy. This court has spoken directly on this subject in *People* v. *McCallum* (13 A D 2d 31) and *People* v. *Woodrow* (18 A D 2d 1050). We recognize that no request was made to examine the Grand Jury testimony of witness Uvanni who cashed the Morgan check. The refusal of the request as to the prior witness Destito made it clear to counsel for defendant that it would have been futile to have made such a request in view of the court's earlier ruling.

In sum, a new trial must be had upon the exceptions and in the interest of justice at which testimony relating to the crime of theft of the checks, testimony of the defendant's wife to confidential matters which she knew only because of the marital relationship, the method of identification of the defendant, the use of letters to parole officer as specimen of handwriting, and the refusal to permit the examination of the Grand Jury testimony of witnesses who had testified before the Grand Jury should not be repeated.

BASTOW, J. P., GOLDMAN, HENRY, NOONAN and DEL VECCHIO, JJ., concur.

Judgment unanimously reversed on the law and facts and a new trial granted.