(October 29, 1968)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GENNARO CIPRIO, Appellant.

*Per Curiam.* Judgment convicting defendant of grand larceny in the first degree by theft (count one — Penal Law, § 1294) and grand larceny in the first degree by unauthorized use of a motor vehicle (count two — Penal Law, § 1293-a), and sentencing him to serve two terms of from two to four years, concurrently, as a first offender, unanimously reversed, on the law, and a new trial directed.

There was sufficient evidence in behalf of defendant to raise an issue as to the defense of alibi — that the defendant was not present at the place and time where and when the crime was committed. In marshalling the facts for the jury's consideration, nevertheless, the trial court made no reference to the evidence by the defendant and his witness regarding the alibi. Moreover, and more importantly, though specifically requested to charge with respect to the law of alibi, the court refused to do so.

The failure of the court to instruct the jury as to the alibi defense, in view of the issue of fact as to the identity of the defendant as the driver of the stolen truck, constitutes reversible error. In the circumstances the burden of proof of the People vis-a-vis the defense of alibi should have been clearly defined for the jury. The jury should be instructed that while the People are under the burden of proving their case beyond a reasonable doubt, a defendant does not labor under the same heavy load with respect to a defense. If his evidence as to an alibi creates a reasonable doubt, and it may do so " notwithstanding the positive testimony of the police officer to the identification," he must be acquitted. (*People* v. *Intersimone,* 266 App. Div. 280; *People* v. *Elmore,* 277 N. Y. 397, 405–406; 5 Wharton's Criminal Law and Procedure [1957], § 2098, p. 267.)

We note further and call to the attention of the court upon the new trial, that error was also committed in permitting the jury to find the defendant guilty on both count one (Penal Law, § 1294) and count two (Penal Law, § 1293-a) of the indictment. There may be a conviction of grand larceny under the special automobile theft statute (Penal Law, § 1293-a) " *only if* the circumstances do not constitute larceny under any other section of article 122 (§§ 1290–1313) of the Penal Law." (*People* v. *Ramistella,* 306 N. Y. 379, 385, emphasis in original.)

Eager, J. P., Steuer, Tilzer, Rabin and Macken, JJ., concur.

Judgment unanimously reversed, on the law, and a new trial directed.