THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIE JACKSON, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered February 9, 1970, convicting him of criminally selling a dangerous drug in the second degree (two counts), upon a jury verdict, and imposing sentence. Judgment reversed, on the law and the facts and in the interests of justice, and new trial ordered. Defendant was charged with selling heroin to a police undercover officer on two occasions. At the trial this officer and two detectives, who allegedly observed the buys, all testified that the seller was 5 feet 8 inches tall and weighed 150 pounds. One of the detectives went further and testified that the seller was shorter than the 5 feet 9 inches undercover officer. The undercover officer testified that when he made the first buy defendant took the heroin from his hat band and that at the time of the second buy he noticed a two-inch scar on the right side of his neck. The two detectives allegedly observed the transactions from a block away. Defendant in testifying said that he was six feet tall and that at the time when the crime was alleged to have been committed by him he weighed 195 pounds.

He admitted having a scar on the right side of his neck but said he had worn his hair in Afro style for some time and that he has never worn a hat since he began to wear an Afro. He completely denied any participation in or knowledge of the two sales. The testimony thus presented a sharp issue of identity. Despite this, the trial court, in marshalling the evidence, failed to mention the difference in the height and weight testimony or to point out any of the other basic differences between the police testimony and that of defendant. In reality the charge consisted in merely presenting the People's views. In so charging the jury the court erred (*People* v. *Curatola,* 7 A D 2d 996; *People* v. *Intersimone,* 266 App. Div. 280). Aside from the police laboratory technician, the only witnesses who testified to the basic facts involved in the crime were the three police witnesses for the prosecution and defendant, a witness with a criminal record. That was the posture of the case when the Judge charged the jury that in evaluating the testimony of any witness they had a right to ask themselves whether the witness is " a decent law abiding citizen? Is he a bum?" Even if the result were not so intended, the jury could not reasonably come to any conclusion except that defendant was " a bum" who was unworthy of belief (cf. *People* v. *Mendes,* 3 N Y 2d 120, 121). The duty of passing upon the credibility of the witnesses was that of the jury, to be exercised by them uninfluenced by any improper comment in that regard by the trial court. Defendant did not receive such a charge. He was thereby deprived of a fair trial. Finally, we are of the view that the verdict is against the weight of the evidence on the issue of identity. The police officers were certain that the seller was 5 feet 8 inches tall and weighed 150 pounds — their notes and their memories so indicated. Defendant, however, is much taller and heavier. The only similarity between the description furnished by the officers and defendant is the scar on his neck and his color. In crediting the officers' identification of defendant as the seller and ignoring the variances between defendant's actual appearance and the officers' description of the seller, the jury rendered a verdict which in our opinion is contrary to the weight of the evidence. Munder, Acting P. J., Latham, Shapiro, Gulotta and Brennan, JJ., concur.