■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY DI BONA, Appellant.—Amended judgment of the Supreme Court, Queens County, rendered February 26, 1979, affirmed. (See *People v Ronald W.,* 21 NY2d 744.) This case is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (subd 5). O'Connor, J. P., Rabin, Gulotta and Margett, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY GRISWOLD, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered August 8, 1978, convicting him of robbery in the second degree and burglary in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, as a matter of discretion in the interest of justice, and new trial ordered. In its charge to the jury on alibi, the court stated: "Evidence with relation to alibi should be most carefully scrutinized if the defendant's guilt is not established beyond a reasonable doubt. By reason of the truth of his alibi you must acquit him. The defendant is not required to prove alibi beyond a reasonable doubt, but you must be satisfied of the truth of the alibi." This language impermissibly served to place the burden on defendant to prove his alibi (see *People v Chestnut,* 42 AD2d 594). A defendant does not have to prove the truth of his alibi in any way. Moreover, the court suggested to the jury that reasonable doubt was not sufficient grounds for an acquittal in its statement that scrutiny should be applied to an alibi even in the absence of reasonable doubt. Notwithstanding defendant's failure to object to the charge, the interest of justice requires that a new trial be ordered. Hopkins, J. P., Damiani, Titone and Mangano, JJ., concur.