■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL JONES, Appellant.—Judgment of the Supreme Court, Bronx County, entered January 19, 1976, convicting defendant of robbery in the first degree and sentencing him as a predicate felon to an indefinite term of imprisonment of from 7½ to 15 years, unanimously reversed, on the law, and the matter remanded for a new trial. A critical issue before the jury was whether defendant was at the scene of the robbery with which he was charged. The testimony of an eyewitness who identified defendant as the person who robbed Mrs. Boston with a knife was opposed by the testimony of two of defendant's neighbors who placed him at a particular apartment at the time. The trial court charged "alibi" as follows: "Now in this case there was evidence offered by the defendant that he was not at the scene at the time of the crimes and that, therefore, he did not participate or take part in any unlawful enterprise or crime that may have been committed there. That's what we call in law an alibi. That means that a defendant claims he was at some other place other than where the crime was committed at the time charged. Evidence with relation to an alibi should be most carefully considered. If the defendant's guilt is not established beyond a reasonable doubt— by reason of the truth of an alibi you must acquit him. You must be satisfied as to the truth of the alibi. In otherwords, if it is sufficient to raise a reasonable doubt by evidence concerning the defendant's whereabouts at the particular time when the crime was committed, if the jury believes that evidence, that alibi itself entitles him to a verdict of not guilty. It is for you the jury to determine whether or not the alibi should be believed". The charge was erroneous as a matter of law. It impermissibly placed upon defendant the burden of proving his alibi defense *(People v Elmore,* 277 NY 397, 405-406; *People v Ciprio,* 30 AD2d 956; *People v Griswold,* 72 AD2d 778). The People have the burden on that issue. The court should have instructed the jury that the prosecution must disprove the alibi defense beyond a reasonable doubt (Penal Law, § 25.00, subd 1). The charge failed to do so. Furthermore, the court should not have charged that the jury must be satisfied of the truth of the alibi before the defense could raise a reasonable doubt as to the guilt of defendant. The court should have charged, instead, that if the evidence as to alibi, in and of itself or when taken into consideration with all the other evidence in the case, created a reasonable doubt as to the guilt of defendant, he was entitled to be acquitted *(People v Barbato,* 254 NY 170, 179; *People v Elmore, supra; People v Ciprio, supra; People v Tapia,* 11 AD2d 679, 680). In shifting to defendant

the burden of proof, and in requiring truth of the alibi as a condition for the existence of reasonable doubt, the charge deprived defendant of due process under the Constitution *(People v Patterson,* 39 NY2d 288, 295-296, affd *sub nom. Patterson v New York,* 432 US 197; see *People v Thomas,* 71 AD2d 280; CPL 70.20). Error of this magnitude is of sufficient importance to warrant review by this court, despite the fact that there was no objection at trial to this portion of the charge. Concur—Birns, J. P., Fein, Sullivan, Lupiano and Lynch, JJ.