THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISIDRO VELAZQUEZ, Appellant.—Judgment, Supreme Court, Bronx County, rendered on July 25, 1979, convicting defendant, after trial by jury, of rape in the first degree and criminal possession of a weapon in the fourth degree, and sentencing him thereupon concurrently to an indeterminate term of from two to six years and a definite term of one year, respectively, unanimously reversed, on the law, and the matter remanded for a new trial. At 7:30 in the morning of October 26, 1978, the 11-year-old victim was walking to school with her younger brother, when a man, later identified as the defendant, approached and enlisted her aid in looking for his son in nearby Claremont Park. She was promised two dollars and proceeded into the park,

leaving her brother behind. Shortly thereafter, she realized something was amiss and attempted to flee. Defendant grabbed her by the wrist and dragged her further into the park where he withdrew a knife and forced the young victim to disrobe. The victim testified that she was raped. At trial the presence of semen was noted in the victim's undergarments; however, no semen was found in vaginal smears; the vaginal area was free of bruises, lacerations, scratch marks or redness and the hymen was intact. A physician called by the People testified that penetration was possible even though the vaginal area was free of trauma. The victim provided the police with a complete description of the rapist. Approximately one month after this incident, the victim, while riding with the police in a patrol car, spotted the defendant and immediately identified him. Defendant was called over to the car and upon seeing the victim quickly walked away. The officers exited the car and when they caught up to defendant he allegedly stated, "What do you want to talk to me for. I didn't do anything fresh." Defendant presented a plausible alibi defense. Defendant and his wife testified that at the time of this incident, he was in bed with a bad back. Numerous friends and family members attested to this fact as well as defendant's good character. Thus a critical issue at trial was the presence of defendant at the scene of this crime. In its charge to the jury on alibi, the court stated: "Now, you heard the word alibi. In this case there was evidence offered by the defendant that he was not at the scene at the time of the crime. And that therefore, he did not participate or take part in any unlawful enterprise or crime that may have been committed there. That's what we call in law an alibi. That means that a defendant claims he was at some other place other than where the crime was committed at the time charged. I stated to you before and I state it to you again, evidence of any witness with relation to any testimony should be carefully scrutinized. The same exists to the same manner alibi. If the defendant's guilt is not established beyond a reasonable doubt by reason of the truth of an alibi, you must acquit him. The defendant is not required to prove an alibi beyond a reasonable doubt. But you must be satisfied as to the truth of the alibi." At the outset we are mindful of the Court of Appeals recent determination when in the course of reviewing a court's charge on intent, it was said that jury charges are not to be viewed in a void, but rather analyzed in relation to the entire charge (People v Getch, 50 NY2d 456). In a close case, as we have before us, where there was a sharp dispute on several issues, the language utilized by the court in the above-quoted charge, even when compared to the entire instruction, impermissibly served to place upon defendant the burden of proof as to his alibi defense (People v Jones, 74 AD2d 515; People v Russell, 266 NY 147, 153). The defendant has no burden of proof as to this issue and the triers of fact could have interpreted this instruction as shifting the burden to the defendant. The burden remains with the People throughout to disprove the alibi defense beyond a reasonable doubt (Penal Law, § 25.00, subd 1). Additionally, the Trial Justice, when instructing the jury on how to evaluate the credibility of the defendant, unduly emphasized three 20-year-old prior convictions for breaking a window and possession of policy slips. Although defendant did not make a Sandoval motion (People v Sandoval, 34 NY2d 371), this issue has been preserved by an appropriate exception. Where defendant's credibility is a critical issue, as it was here, the introduction of these convictions could have little or no effect on credibility and the emphasis placed thereon was error. Nor could it seriously be argued that these convictions were

remotely germane to the issues before the jury. Concur—Fein, J. P., Ross, Silverman and Carro, JJ.