■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAUL JIMINEZ, Appellant. — Appeal by defendant, as limited by his motion, from a sentence of the County Court, Westchester County, imposed April 20, 1977. Sentence affirmed, without prejudice to an application pursuant to section 60.09 of the Penal Law. No opinion. Lazer, J.P., Mangano, Gibbons and Rabin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN J. KAHN, Appellant. — Judgment of the Supreme Court, Suffolk County, rendered July 25, 1980, affirmed. No opinion. This case is remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (subd 5). Hopkins, J.P., Titone, Lazer and Cohalan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EVERETT J. LEE, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered November 15, 1978, convicting him of attempted robbery in the first degree (two counts) and assault in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, as a matter of discretion in the interest of justice, and new trial ordered. The trial court's charge impermissibly served to place the burden upon the defendant to prove the truth of his alibi (see *People v Jones,* 74 AD2d 515; *People v Griswold,* 72 AD2d 778). "A defendant does not have to prove the truth of his alibi in any way" *(People v Griswold, supra,* p 778). We have considered defendant's remaining contentions and find them to be lacking in merit. Mangano, J.P., Gibbons, Gulotta and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARMINE SANTORA, Appellant. — Appeal by defendant from a judgment of the County Court, Suffolk County, rendered September 14, 1979, convicting him of criminal sale of a controlled substance in the third degree, on his plea of guilty, and sentencing him to a term of imprisonment of five years to life. Judgment modified, as a matter of discretion in the interest of justice, by reducing the minimum term of imprisonment to one year. As so modified, judgment affirmed. The sentence was excessive to the extent indicated. We note that defendant, if he be so advised, may make an application pursuant to section 60.09 of the Penal Law. Hopkins, J.P., Damiani, Lazer and Cohalan, JJ., concur.