## (August 20, 1981)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES ACEVEDO, Appellant. — Judgment, Supreme Court, Bronx County (Kleiman, J.), rendered December 12, 1977, convicting defendant, after jury trial, of two counts of robbery, first degree, and two counts of assault, second degree, and sentencing him as a second felony offender to concurrent indeterminate terms of 5 to 10 years for each robbery conviction and 2 to 4 years for each assault conviction, is unanimously reversed, on the law, and the matter is remanded for a new trial. Defendant is alleged to have participated in a gang assault on two victims, using belts and chains, thereafter running off with property belonging to the victims. Defendant interposed an alibi defense. The trial court properly noted, in its instruction to the jury, that the defendant was not obligated to establish his alibi beyond a reasonable doubt (see *People v Elmore,* 277 NY 397). However, the court went on to charge, over general objection, that the jurors "must, of course, be satisfied as to the truth of the alibi and it is for you, the jury, to determine whether or not the alibi should be believed,

obviously, you could believe defendant was not there." In effect, this improperly shifted to defendant the People's constant burden to disprove the alibi defense beyond a reasonable doubt *(People v Velazquez,* 77 AD2d 845; *People v Jones,* 74 AD2d 515; Penal Law, § 25.00, subd 1). However remedial subsequent parts of the charge may have been, the clear implication for the jurors was that the burden was on defendant to establish the truth of his alibi, when in fact defendant should be entitled to an accquittal if the alibi merely raises a reasonable doubt as to his guilt *(People v Barbato,* 254 NY 170). The prosecution presented two witnesses who placed defendant at the scene of the crime. Defendant did not take the stand to corroborate the testimony of his own alibi witness. This was because of a *Sandoval* (34 NY2d 371) ruling to permit a probing on cross-examination of the underlying facts of a prior youthful offender adjudication, a case in which defendant, acting in concert with three others, had burglarized an apartment and assaulted the occupants with sticks, chains and pipes. Free rein to develop those facts before the jury would have created an "almost irresistible tendency to connect the defendant with a prior course of criminality, curious in its similarity", which would have "play[ed] upon the jury's natural inclination to view a defendant who has been accused of committing such crimes in the past as either the kind of person likely to have committed the crime charged or as deserving of punishment in any event" *(People v Castillo,* 47 NY2d 270, 276). The *Sandoval* ruling thus unduly prejudiced defendant to the extent of denying him a fair trial *(People v Davis,* 44 NY2d 269; *People v Dickman,* 42 NY2d 294). Not all of us are agreed that either of these errors standing alone would warrant reversal. However, all concur that their combined effect denied defendant a fair trial. Concur — Murphy, P. J., Kupferman, Burns, Sandler and Fein, JJ.