■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY J. BACON, Appellant. — Judgment unanimously reversed, on the law, and a new trial granted. Memorandum: In the course of his trial on charges of criminal possession of a forged instrument, defendant through his own testimony and that of two other witnesses attempted to show that he was elsewhere than at the scene of the crime when it was committed and that the car he was alleged to have been driving was not in his possession when the crime was committed. He clearly tried to establish an alibi defense. The court refused counsel's request that a charge on the law concerning alibi defense be given, reasoning that the witnesses were not alibi witnesses. In offering testimony tending to rebut prosecution evidence establishing his presence at the scene of the crime, the defendant presented an "alibi defense." Having done so, it was reversible error for the court to refuse to instruct the jury concerning the defense of alibi *(People v Bruno,* 77 AD2d 922; *People v Ciprio,* 30 AD2d 956). A defendant is under no burden of establishing that it was impossible for him to commit the acts charged *(People v Barbato,* 254 NY 170; *People v Allen,* 74 AD2d 640). He is, nonetheless, entitled to have alibi testimony considered in rebuttal of the prosecution's evidence to create a reasonable doubt as to his guilt. This error was not corrected by the court's marshaling of the evidence but was instead further exacerbated by reference to the conflicting testimony of the People's witnesses placing defendant at the scene of the crime and that of the defendant and others placing him elsewhere. The jury was left with the impression that their determination hinged solely upon which of the witnesses they believed on

this point. Thus the burden of proof was impermissibly shifted to defendant. "In the circumstances the burden of the People vis-a-vis the defense of alibi should have been clearly defined for the jury. The jury should be instructed that while the People are under the burden of proving their case beyond a reasonable doubt, a defendant does not labor under the same heavy load with respect to a defense" *(People v Ciprio, supra,* p 957). The jury should have been instructed that it could disbelieve the alibi and still acquit *(People v O'Neill,* 79 AD2d 429). Without appropriate instructions, it is impossible for a jury to evaluate properly the conflicting evidence and he was prejudiced thereby. Further error was committed when the court permitted testimony that other checks were allegedly taken from defendant's former place of employment. This evidence was irrelevant to the charges against defendant. It is improper for the prosecution to offer proof against a defendant of a crime not alleged in the indictment, either as a foundation for a separate punishment, or as an aid in proving that defendant is guilty of the crime charged *(People v Molineux,* 168 NY 264, 293; see, also, *People v Schlatter,* 55 AD2d 922; *People v Monahan,* 21 AD2d 76; *People v Whitfield,* 3 AD2d 768, affd 4 NY2d 694). Contrary to the assertion by the People, the proof offered in this case does not fall within any of the exceptions cited in *Molineux.* We have examined the other errors claimed by defendant and find them to be without merit. (Appeal from judgment of Monroe Supreme Court, Curran, J. — criminal possession of a forged instrument, second degree.) Present — Simons, J. P., Hancock, Jr., Doerr, Denman and Moule, JJ.