■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH CONTES, Appellant. — Judgment, Supreme Court, Bronx County (Cerbone, J.), rendered November 12, 1980 convicting defendant, on jury verdict, of robbery in the first degree (Penal Law, § 160.15), and sentencing him thereon, is affirmed. The issue on which our dissenting brother differs from us is the sufficiency of the court's charge to the jury as to the defendant's alibi. The language of the charge on this point is set forth in the dissent. The claim of error is essentially that this language in part shifts to the defendant the burden of proof on the issue of alibi whereas the People have the burden of disproving this defense, like every other issue in the case except affirmative defenses, beyond a reasonable doubt (Penal Law, § 25.00). We note first that there was no objection to the charge or any request for further instructions on this point. In *People v Thomas* (50 NY2d 467, 472), the Court of Appeals said: "[W]hen a court's specific instructions on the burden of proof properly place the burden on the People, a claim that a portion of the charge could, in the particular case, be interpreted as having a contrary effect, does not come within the narrow exception to the rule that objections to the charge must be made at trial where the potential error can be corrected or avoided". *People v Jones* (74 AD2d 515, 516), holding to the contrary was decided before the Court of Appeals decision in *People v Thomas* (*supra*). Further, the charge here involved differs in important respects from the criticized charge in the cases cited in the dissent. In each of those cases the court said that the jury "must be satisfied as to the truth" of the alibi. (*People v Jones, supra; People v Velazquez*, 77 AD2d 845, 846; *People v Lediard*, 80 AD2d 237, 241; *People v Acevedo*, 83 AD2d 813.) In the present case, the court imposed no requirement that the jury must be satisfied as to the truth of the alibi, but instead the court phrased it in terms of "if you, the jury, *tend to believe the evidence*", etc. This is considerably less than a requirement that the jury be satisfied that the alibi is true; it goes little further than to say, if the jury is not prepared to reject the alibi evidence entirely, that in itself is sufficient to raise a reasonable doubt. But the Trial

---

Judge went even further. He instructed the jury what to do even if they did not believe the alibi evidence. He said: "However, if you do not believe the alibi evidence, this does not mean that you should convict the defendant. Before you can convict the defendant, you must be convinced that the People have met their burden and have established the guilt of the defendant beyond a reasonable doubt." In connection with this last instruction, it is illuminating to consider the nature of the "defense" of alibi. Alibi is not listed as a "defense" in the Penal Law "Title C — Defenses" (§ 25.00 *et seq.*). The defenses there enumerated — infancy, mental disease, justification, duress, entrapment, renunciation — are all defenses in the nature of confession and avoidance, i.e., the defendant says that even if he did the acts charged, he is nevertheless not criminally liable. In the "defense" of alibi, the defendant says that he did not do the act charged. As part of his contention he says that he was not even at the crime scene but that he was somewhere else, the alibi scene. The obligation of the People to prove beyond a reasonable doubt that the defendant committed the criminal acts necessarily includes the obligation to prove beyond a reasonable doubt that the defendant was at the criminal scene at the time, which in turn means proof — express or implied — beyond a reasonable doubt that the defendant was not somewhere else. This instruction given as part of the charge on proof of alibi amounted in essence to a charge that the People must disprove the defense of alibi beyond a reasonable doubt. No doubt the charge on proof of alibi and the burden of proof thereof could have been better stated along the lines suggested in *People v Jones* (74 AD2d 515, *supra*). But as the Court of Appeals has cautioned us, "convictions are not to be set aside because, on reflection in tranquility, better charges could have been composed." (*People v Yanik*, 43 NY2d 97, 100.) Particularly, is this true when the defendant's attorney makes no objection to the charge; an objection, if made, might well have resulted in a better charge. Defendant also criticizes the statement that the evidence with relation to alibi should be carefully scrutinized. The court did not limit its caution to one side of the case. The elaborate charge as to identification testimony must have impressed upon the jury the need of carefully scrutinizing that testimony too. As we have said, there was no objection to any part of the alibi charge. "There is neither constitutional nor jurisprudential error in permitting guilt to be determined under a penal statute as construed by the common assumption of both attorneys and the court. To hold otherwise is to encourage gamesmanship and waste judicial resources in order to protect a defendant against a claimed error protection against which requires no more than a specific objection on his part." (*People v Dekle*, 56 NY2d 835, 837.) We have considered the other errors claimed and do not deem that they warrant reversal. Concur — Sullivan, J. P., Carro and Silverman, JJ.

Milonas, J., dissents in a memorandum as follows: In my opinion, the judgment of conviction should be reversed and a new trial ordered. The defendant was convicted, following a jury trial, of three counts of robbery arising out of an incident which occurred at approximately 11:00 A.M. on March 7, 1980. Charles LaMotta, the owner of a pharmacy located on Baychester Avenue in the Bronx, testified that he was behind the prescription counter with his employee, Al Grosso, when someone, later identified as the defendant, entered the store, walked to the area where they were working and pointed a gun to their heads. He demanded Grosso's money, commanding him to lie face down on the floor. With the gun aimed at Grosso's head, the defendant ordered that he be given certain controlled drugs, such as Tuinal, Seconal and Dilaudid. LaMotta handed over Tuinal and Seconal, but claimed that he had no Dilaudid. The defendant then hit Grosso's head with the gun

butt. He proceeded to remove other drugs from the cabinet and relieved the two men of their personal property and money. Having locked LaMotta and Grosso in the bathroom, the defendant rummaged through the drug cabinet for more bottles. A little later, he directed LaMotta to leave the bathroom and assist him in finding a container for the substances, which had fallen onto the floor. The drugs were placed in a typewriter case, and LaMotta was again locked in the bathroom. When he heard the front door closing, LaMotta wedged the bathroom door open and perceived that the robber had departed. He thereupon left the bathroom and telephoned the police, who arrived shortly thereafter. LaMotta described the perpetrator to the police, declaring that he had seen the man for about 5 or 6 minutes during the 10- or 12-minute robbery and that he had noticed a portion of a tattoo on his right arm. Subsequently, LaMotta identified the defendant in a lineup, following which he viewed photographs of an arm with a tattoo. According to LaMotta, the tattoo appeared to be the one that he had observed on the robber's arm. Although, at the trial, LaMotta identified the defendant as the person who had robbed him, Grosso, while substantially corroborating LaMotta's account of the event in question, was unable to do the same. The defense case was based upon the assertion, supported by the defendant's wife and a family friend, that he was at home at the time of the alleged robbery. It was his contention that on March 7, 1980, he had worked a midnight to 8:00 A.M. shift in a factory in Sunnyside, Queens. While returning home from Yonkers that morning, the defendant happened to be double parked across the street from the Baychester Avenue pharmacy at 10:15 when a passing tractor trailer struck his car. The operator of the tractor trailer appeared as a witness (called by the People). Confirming that a minor accident had occurred at about 10:15 A.M., he stated that he spent 10 or 15 minutes exchanging license numbers and registration with the defendant. The defendant's wife testified that he reached home at 10:50 A.M. She claimed to remember the time because of a driving lesson which she had scheduled for 11:00 A.M. that morning. The driving instructor, Joan Immediato, a family friend and professional driving teacher, asserted that she had arrived at the defendant's home at 11:00 A.M. and that both the defendant and his wife were there. Her date book, which recorded this appointment, was entered into evidence. The jury, since it found the defendant guilty of three counts of robbery in the first degree, believed the testimony of the prosecution's witnesses and did not accept the alibi. On appeal, the defendant argues, in part, that reversal is required in that the trial court's instructions improperly shifted to the defense the burden of proving the truth of the alibi. In its charge, the court included the following statement: "In this case there was evidence offered by the defendant that he was not at the scene at the time of the crime and that, therefore, he did not participate or take part in any unlawful enterprise or crime that may have been committed. That is what is known in law as alibi. That means that a defendant claims he was at some other place other than where the crime was committed at the time charged. Evidence with relation to alibi should be carefully scrutinized. The defendant is not required to prove an alibi beyond a reasonable doubt. If you, the jury, tend to believe the evidence submitted by the defendant with respect to the defense of alibi, such belief is sufficient to raise a reasonable doubt as to the defendant's guilt, and, therefore, would entitle the defendant to a verdict of not guilty. It is for you, the jury, to determine whether or not the alibi should be believed. However, if you do not believe the alibi evidence, this does not mean that you should convict the defendant. Before you can convict the defendant, you must be convinced that the People have met their burden and have established the guilt of the defendant beyond a reasonable doubt." In directing particular

attention to the defendant's alleged alibi by instructing the jury to "carefully scrutinize" the evidence relating to the defendant's alleged alibi, the court impermissibly placed upon the defendant the burden of proving his alibi defense. Thus, the charge was erroneous as a matter of law, and almost identical charges have been held to constitute reversible error. (*People v Acevedo*, 83 AD2d 813; *People v Lediard*, 80 AD2d 237; *People v Velazquez*, 77 AD2d 845; *People v Jones*, 74 AD2d 515.) The court should have informed the jury that the People have the burden of disproving the alibi defense beyond a reasonable doubt. (See Penal Law, § 25.00, subd 1.) The court should also have charged that "if the evidence as to alibi, in and of itself or when taken into consideration with all the other evidence in the case, created a reasonable doubt as to the guilt of defendant, he was entitled to be acquitted" (*People v Jones*, 74 AD2d 515, *supra*). In the instant case, the identification testimony of a single witness, Charles LaMotta, was countered by the defendant's wife and Joan Immediato, both of whom stated that he had been at home at the time that the robbery was committed. In addition, the accuracy of LaMotta's identification was strongly challenged by the defendant. Thus, the evidence educed at trial was such that a proper alibi charge was particularly crucial. The court's instruction cannot be deemed harmless error, but rather constitutes deprivation of the defendant's constitutional right to due process. (See *People v Jones*, 74 AD2d, *supra*, at p 516, wherein the court held: "Error of this magnitude is of sufficient importance to warrant review by this court, despite the fact that there was no objection at trial to this portion of the charge.")