◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN VERA, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Meyerson, J.), rendered September 1, 1981, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. Leaving work at midnight, Victor Santiago stopped at two bars on his way home and had five or six beers within the following hour and a half. Subsequently, while waiting for a bus, he was robbed at knifepoint by two men. Defendant was identified by Santiago as one of the assailants. At trial, an alibi defense was offered through defendant's testimony and that of a defense witness. Nevertheless, the court did not define alibi or instruct the jury in any manner with respect to the evaluation of such testimony. Although there was neither a request for an alibi charge nor objection to the court's failure to furnish one, thus failing to preserve the issue of law for appellate review (*People v Thomas,* 50 NY2d 467; CPL 470.05, subd 2), we conclude that under the circumstances of this case, review is warranted

as a matter of discretion in the interest of justice (CPL 470.15, subd 3, par [c]). As Chief Judge Cooke has recently stated: "A court is required to instruct the jury on 'fundamental legal principles applicable to criminal cases in general' and those 'material legal principles applicable to the particular case' (CPL 300.10, subds 1, 2; see *People v Murch,* 263 NY 285, 291). When evidence at trial viewed in the light most favorable to the accused, sufficiently supports a claimed defense, the court should instruct the jury as to the defense, and must when so requested. A failure by the court to charge the jury constitutes reversible error (see *People v Torre,* 42 NY2d 1036, 1036-1037; *People v Steele,* 26 NY2d 526 528-529). As a corollary, when no reasonable view of the evidence would support a finding of the tendered defense, the court is under no obligation to submit the question to the jury" (*People v Watts,* 57 NY2d 299, 301). At bar, the instructions given informed the jury of the "fundamental legal principles applicable to criminal cases in general" and further, provided specific guidelines for the evaluation of identification testimony. However, since alibi was a major issue in the case, the jury should also have been instructed as to the legal principles against which to weigh alibi evidence (cf. *People v La Chance,* 39 NY2d 892, 893-894; *People v Sanacory,* 234 App Div 628). "The test of the sufficiency of the court's instructions to the jury is whether the jury, after hearing the entire charge, would gather from its language the correct rules [to apply] in arriving at its decision" (*People v Gardner,* 59 AD2d 913; *People v Russell,* 266 NY 147). Here, the identification testimony presented at trial was far from overwhelming. Complainant had admittedly ingested five or six beers prior to the underlying incident, which took place in the early morning hours on a partially lighted street corner. Clearly, under such facts, the jury required judicial guidance with respect to the asserted defense of alibi (*People v Bruno,* 77 AD2d 922; see *People v May,* 55 AD2d 739) for without such proper guidance the jurors could easily have been led to an incorrect assumption, for example, that defendant had some burden of proof with respect to the truth of his alibi; that their ultimate determination hinged upon whether or not they credited the alibi testimony of defendant and his witness; or that it was not the People's burden to disprove an alibi defense beyond a reasonable doubt. Such suppositions would, of course, serve to impermissibly shift the burden of proof to defendant, or at least dilute the People's burden (see, e.g., *People v Bacon,* 84 AD2d 680; *People v Grant,* 84 AD2d 793; *People v Lee,* 80 AD2d 905; *People v Jones,* 74 AD2d 515; *People v Fludd,* 68 AD2d 409). Accordingly, the failure to give appropriate alibi instructions rendered the charge insufficient.* We additionally note that

---

* An adequate jury instruction with respect to the alibi defense may be derived from the guidelines to be found in Part 12 of the Criminal Jury Instructions, currently in the process of publication.

CJI 12.10 reads:

"The People contend that the crime charged was committed on _____
date

_____ at _____.
and time of commission          place of commission

"As I have instructed you, the People have the burden to prove to your satisfaction beyond a reasonable doubt not only all the essential elements of the crime of _____
identify

but also that this defendant is the person who committed it.

"In this case, the defense has introduced evidence that the defendant was not present at

_____ on _____.
place of commission          date and time of commission

"[Here detail testimony of each of the alibi witnesses including place of presence of defendant and, if relevant, the basis of the recollection of the alibi witnesses.]

"On the basis of such testimony, the defendant contends that he could not have committed the crime of _____.
identify

certain remarks made by the District Attorney were improper. During cross-examination of the alibi witness, the District Attorney repeatedly questioned him about his delay in presenting the alibi to the police. While such questioning is permissible under certain circumstances (see, e.g., *People v Dawson,* 50 NY2d 311), it should not be accompanied by the improper characterization of the witness' testimony as a "story". Further, upon summation the District Attorney improperly referred to the alibi testimony presented as a recent fabrication, vouched for complainant's testimony (see *People v Butler,* 57 AD2d 931), discharged defense counsel when he interposed objection, and hinted that counsel had participated in conforming the defense witness' and defendant's testimony (see *People v Burnside,* 52 AD2d 626). In summary, the over-all effect of the prosecutor's remarks, coupled with the court's failure to furnish the jury with an alibi charge, served to unduly prejudice defendant and deny him a fair trial in this one witness identification case which is not susceptible to the application of any doctrine of harmless error as it cannot be said that the proof of defendant's guilt, without reference to the errors, was overwhelming (*People v Crimmins,* 36 NY2d 230, 241; see *People v Johnson,* 57 NY2d 969, 970). We have examined defendant's remaining contentions and find them to be without merit. Titone, J. P., Brown, Rubin and Boyers, JJ., concur.

## (May 11, 1983)

"The defense has presented what is commonly known as an alibi.

"You must consider and evaluate the testimony and credibility of the alibi witness(es) just as you would the testimony of any other witness.

"If the alibi testimony creates a reasonable doubt in your minds that the defendant is the person who committed the crime of ———, you must find him not guilty.
    identify

"I instruct you, however, that the defendant has no burden to prove that he is *not* the person who committed the crime. The burden is on the People to prove that he *is* the person who in fact committed the crime.

"Therefore, even if you do not credit, or even in fact disbelieve, the testimony of the alibi witness(es), the People must nevertheless prove to your satisfaction beyond a reasonable doubt that the defendant is the person who committed the crime, before you may find him guilty.

"I repeat: Before you may find the defendant guilty of the crime of ———, the People
    describe

are required to establish to your satisfaction beyond a reasonable doubt all the essential elements of that crime *and* that the defendant is the person who committed it" (see, also, the guidelines given in *People v Jones,* 74 AD2d 515).