THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
LEON VICTOR, Appellant.

First Department, June 28, 1983

APPEARANCES OF COUNSEL

*Robert S. Dean* of counsel (*William E. Hellerstein,* attorney), for appellant.

*Alexandra Valicenti* of counsel (*Billie Manning* with her on the brief; *Mario Merola, District Attorney,* attorney), for respondent.

**OPINION OF THE COURT**

ALEXANDER, J.

Defendant was charged in two separate indictments with the robbery of a luncheonette located in The Bronx at 167th Street and Whittier Avenue, owned by Ralph "Bright Eyes" Smith on October 30, 1978, and on December 15, 1978. His motion to consolidate the indictments for trial was granted without opposition, and after trial, the jury acquitted him of the October 30, 1978, robbery but convicted him of the December 15, 1978 robbery.

Defendant now contends that the conviction of the December 15, robbery must be reversed because the Trial Judge improperly rejected his written alibi charge request, and gave an alibi charge that tended to dilute that defense and to cast the burden of proof in respect thereto upon the defendant. Defendant also ascribes error to the trial court's denial, without a hearing of his *pro se* motion for a new trial based upon claimed ineffective assistance of counsel. Finally, he challenges the consecutive sentences imposed as being illegal.

In respect to the October 30th robbery, Smith testified that at about 11:00 P.M., as he and his employee, Lisa Coleman were preparing to close, defendant rapped on the door, seeking to be admitted. Smith knew defendant and in 1977 had accused defendant of robbery, a charge of which defendant was acquitted after a jury trial. Nevertheless, because defendant owed Smith money, Smith, hoping to be repaid, instructed Coleman, who also knew defendant from having seen him in the area, to let defendant in. Smith and defendant went into Smith's office, in the back of the store, while Coleman remained in the front.

Smith testified that defendant sought to borrow more money from him and when he refused any further loan, defendant pulled a switchblade knife from a camera bag he was carrying, took his money and two cartons of cigarettes, and tied him up with telephone wire. Coleman, who said she observed defendant carrying the two cartons of cigarettes, unlocked the door and let defendant out. Smith heard defendant leave, called out to Coleman who then untied him, and they immediately called the police.

Defendant testified on his own behalf and presented the testimony of several alibi witnesses. He contended that on the night of October 30, 1978, he accompanied his then fiancée, Diane Johnson, who he has since married, to her parents' apartment on West 61st Street in Manhattan. He testified that he and Diane arrived at the Johnson apartment at approximately 5:00 P.M., and remained there until 2:45 A.M. This was corroborated by the testimony of his wife Diane, her parents and by a long-time family friend.

The jury, apparently accepting defendant's alibi and finding his witnesses credible (and, no doubt, mindful of

the discrepancies in Smith's testimony), acquitted defendant of this robbery, and did so, despite the positive identification by Smith and Coleman, both of whom knew defendant.

As to the second robbery on December 15, 1978, according to Smith, at about 7:00 P.M., he and Coleman were in the luncheonette serving several customers, including Channie Sales and Donna Baker. Defendant entered with two other men who remained in the front of the luncheonette, robbing the customers, Sales and Baker, while defendant took Smith to the back to the office. Defendant, simulating a gun by keeping his hand in his pocket, demanded to know the location of Smith's safe. Smith denied having a safe. Defendant took the money Smith had on him and punched him in the mouth, breaking several teeth, when Smith in response to defendant's demand for more money, said there wasn't any more: "You got everything but what's in the cash register." Defendant then took Smith back out to the front of the luncheonette and forced him to remove the drawer from the cash register. He and his companions left with the cash register drawer and the money the other two had taken from the customers. Smith immediately called the police. Only Smith and Coleman were there when the police arrived, the customers having left.

Defendant and his wife, Diane, testified that they were at her brother's house on West 63rd Street in Manhattan, where they were living on December 15, 1978. She stated that upon arriving home at about 6:00 P.M., she stopped downstairs to talk with her brother, then proceeded upstairs to the apartment and discovered that the apartment had been burglarized. She summoned defendant who was next door at his place of employment and he and several of his friends and co-workers returned with her to the apartment.

Defendant suspected that the maintenance man of the building had committed the burglary, so at about 6:45 P.M. he took a baseball bat and went to the maintenance man's room on the first floor where he held him and another until about 8:30 P.M., when the police arrived. The police confiscated his bat and both he and the maintenance man then

"dropped charges". Defendant testified that he then returned to his apartment, where he remained.

No additional witnesses testified for defendant and the jury returned a verdict of guilty as respects the December 15th robbery. Defendant argues that the court's refusal to charge as requested, that "The People have the burden of disproving the alibi defense beyond a reasonable doubt" was error.

The request was made prior to the court's charge, but the court declined to charge as requested, ruling that the requested charge would be covered in its charge. Counsel noted his exception. In pertinent part, the court gave the following alibi charge:

"If the evidence as to the alibi raises a reasonable doubt in your minds as to whether or not the defendant was present * * * the defendant is entitled to have that testimony fairly treated like any other testimony in the case, although he is not obligated to establish that it was impossible for him to have committed, aided or participated in the commission of the crimes charged in the indictments.

"If, under the evidence, tending, if true, to prove the alibi it may be possible for the defendant to have committed the crimes, it is still for the jury to determine whether, if that evidence is true, he availed himself of the possibilities afforded. If the proof as to alibi, when taken into consideration with all of the other evidence in the case raises a reasonable doubt as to the defendant's guilt of any of the four crimes with which we are concerned, he is entitled to an acquittal of that crime that you are considering."

The quoted portion of defendant's request to charge was a correct statement of the law (see Penal Law, § 25.00, subd 1; *People v Grant,* 84 AD2d 793; *People v Jones,* 74 AD2d 515) whereas the charge as given by the court, not only was confusing in its language, but, impermissibly tended to shift the burden of proof to the defendant. Such phrases as *"although he [the defendant] is not obligated to establish that it was impossible for him to have committed,* aided or participated"; "[i]*f, under the evidence, tending, if true, to prove the alibi it* may be possible for the defendant to have committed the crimes, it is still for the jury to determine

whether, *if that evidence is true*" (emphasis added) imply that it is the defendants' burden to submit proof that must satisfy the jury of the truth of the alibi defense.

A charge that "the jury must be satisfied of the truth of the alibi before the defense could raise a reasonable doubt as to the guilt of the defendant" is erroneous as a matter of law. (See *People v Jones,* 74 AD2d 515, *supra.*) "The People have the burden of disproving an alibi defense beyond a reasonable doubt. A jury charge that dilutes this burden or suggests that a defendant has the burden of establishing the defense constitutes reversible error" (*People v Grant,* 84 AD2d 793-794, *supra.*)

The error of the court's charge is the more egregious when considered in the context of this trial setting. As respects the first robbery, defendants' witnesses supporting his alibi, were not only himself and his wife, but her parents, the Johnsons, and a neighbor and friend of the Johnsons, whereas the only witnesses testifying in support of his alibi regarding the December 15 robbery were defendant and his wife. Notably, in respect to the October robbery the only People's fact witnesses were Coleman and Smith, while two additional fact witnesses, Baker and Sales, testified for the People as to the December robbery. The jury may well have concluded, in light of the court's charge, that defendant had proved his alibi as to the October robbery through the production of "independent" witnesses, but had failed as to the December robbery since he only produced himself and his wife, both of whom may well have been considered interested.

And while that possibility may bear upon defendant's ineffective assistance of counsel claim, it is not necessary to reach that issue given the reversal required by the erroneous charge.

Accordingly, judgment, Supreme Court, Bronx County (DANIEL SULLIVAN, J.), rendered on November 12, 1980, convicting defendant, after trial by jury, of two counts of robbery in the second degree and sentencing him to two consecutive terms of imprisonment of 7½ to 15 years is reversed, on the law, and a new trial ordered.

SILVERMAN, J. (dissenting). We would affirm the conviction.

The majority base their reversal on criticism of two sentences in the course of an almost 50-page charge by the court. The sentences relate to the burden of proof as applied to alibi.

As we pointed out in *People v Contes* (91 AD2d 562, 563): "Alibi is not listed as a 'defense' in the Penal Law 'Title C — Defenses' (§ 25.00 *et seq.*). The defenses there enumerated — infancy, mental disease, justification, duress, entrapment, renunciation — are all defenses in the nature of confession and avoidance, i.e., the defendant says that even if he did the acts charged, he is nevertheless not criminally liable. In the 'defense' of alibi, the defendant says that he did not do the act charged. As part of his contention he says that he was not even at the crime scene but that he was somewhere else, the alibi scene."

As to the "defenses" properly so called in the nature of confession and avoidance, it is logically and practically possible for the jury to be satisfied beyond a reasonable doubt that the defendant had committed the crime but still have a reasonable doubt whether the defenses have been established. It is therefore necessary to state separately and distinctly the rules as to burden of proof as to these defenses in the nature of confession and avoidance. And the statute does so state — that as to some of the defenses the People have the burden of disproving the defense beyond a reasonable doubt (Penal Law, § 25.00, subd 1), as to others, the "affirmative defenses", the defendant has the burden of establishing the defense by a preponderance of the evidence (Penal Law, § 25.00, subd 2).

In the case of alibi however, if the jury is satisfied beyond a reasonable doubt that the defendant committed the crime, it can have no reasonable doubt that the defendant was present at the scene at the time of the crime, and thus it must have rejected the alibi defense beyond a reasonable doubt. Conversely, if the jury has a reasonable doubt as to whether the defendant was even present at the scene at the time of the crime (alibi), then it cannot be satisfied beyond a reasonable doubt that the defendant has committed the

crime. "The obligation of the People to prove beyond a reasonable doubt that the defendant committed the criminal acts necessarily includes the obligation to prove beyond a reasonable doubt that the defendant was at the criminal scene at the time, which in turn means proof — express or implied — beyond a reasonable doubt that the defendant was not somewhere else." (*People v Contes,* 91 AD2d, at p 563.) Thus there is neither need nor room for a special rule as to burden of proof as to alibi. The general rule that guilt must be proved beyond a reasonable doubt obviously covers and includes alibi, inevitably and practically in the jury's consideration.

In the end of course, although the analysis is different, the burden of proof with respect to those statutory defenses which the People have the burden of disproving beyond a reasonable doubt under subdivision 1 of section 25.00 of the Penal Law, and the burden of proof with respect to alibi, are the same; but as to alibi, the matter falls more logically simply within the general rule that guilt must be proved beyond a reasonable doubt.

The trial court was aware both of the correct analysis and the correct rule. Defendant's attorney requested a charge, which beginning with some language which was probably less favorable to the defendant than the charge as actually given, ended with this request: "Alibi is a defense. The People have the burden of disproving the alibi beyond a reasonable doubt." In this respect it is clear that the defendant was assimilating the alibi to the statutory confession and avoidance defenses, and applying the burden of proof statute with respect to non-"affirmative defenses." (Penal Law, § 25.00, subd 1.) To this the court responded:

"Alibi is not, in so many terms, a statutory defense. I see the request to charge which consists of three sentences. It talks of it in those terms, to wit, the same manner in which the Penal Law excuses the burden of proof, vis-à-vis statutory defenses * * *

"It says in the charge I intend to give that the defendant is entitled to have alibi testimony fairly treated like any other testimony in the case, although he is not obligated to establish that it was impossible for him to have committed,

aided or participated in the commission of the crime. It seems to me even stronger from the defendant's point of view from what you got * * *

"You see, in New York Penal Law, alibi as such is not a statutory defense but I am charging they have to prove his guilt beyond a reasonable doubt in connection with alibi in addition to a standard charge on it.

"That is what the court did in its charge."

In an earlier part of the opinion, the court stated the general rule as to the presumption of innocence and the requirement of proof beyond a reasonable doubt which never shifts to the defendant. When the court came to the discussion of alibi it again repeated the requirement of proof beyond a reasonable doubt in connection with alibi. The court first discussed the nature of alibi, and then went on to say: "In all criminal cases the defendant never has the burden of proof. In all criminal cases the prosecution, at all times, has the burden of proof and the prosecution must prove a defendant's guilt beyond a reasonable doubt." Then came the two sentences criticized by the majority of this court, which then conclude with the correct and precise statement of the rule as to burden of proof with respect to alibi: "If the proof as to alibi, when taken into consideration with all of the other evidence in the case raises a reasonable doubt as to the defendant's guilt of any of the four crimes with which we are concerned, he is entitled to an acquittal of that crime that you are considering." The two sentences criticized by the majority come between the precise and correct statements as to the rule, which we have quoted.

The criticized sentences could have been better phrased (and punctuated). But as the Court of Appeals has cautioned us, "convictions are not to be set aside because, on reflection in tranquility, better charges could have been composed" (*People v Yanik,* 43 NY2d 97, 100). The criticized sentences are framed between the correct governing statements before and after them, and take their coloration from those governing statements.

What the court was saying in these two sentences is just what it had indicated in the discussion of the requests to

charge: (1) that evidence of alibi is like any other evidence and should be treated that way in relation to the problems of reasonable doubt, and (2) that even if the evidence of alibi is not complete in the sense of not excluding all possibility of having committed the crime there would still remain the question of whether the defendant availed himself of the possibility of committing the crime.

As to the latter statement, part of defendant's alibi for one of the crimes, the October 30, 1978 incident, was that he had spent the time at his parents-in-law's home. The District Attorney, both in cross-examination and on summation, had brought out that there were a lot of people at the house at that time, and that defendant's mother-in-law did not watch the defendant all through the evening and could not say whether the defendant left and came back. It may well be that this is the possibility that the Judge was pointing out need not be absolutely excluded.

Thus the second statement, relating to excluding the possibility, is not a statement that defendant must prove the alibi but is really in the nature of an argumentative concession in defendant's favor that even if (as the District Attorney had argued) the evidence of alibi if true still does not exclude the possibility of the defendant committing the crime, there still remains the question for the jury as to whether the defendant availed himself of the possibility of committing the crime. Ultimately, perhaps alerted by this cautionary statement by the Judge, the jury acquitted defendant as to the October 30 incident to which it obviously referred.

And that statement is immediately followed by the overall correct statement that if evidence as to alibi taken with all the other evidence in the case raises a reasonable doubt, defendant is entitled to an acquittal.

In this case, as in most appeals after trial, one of our problems is to try to recapture from the cold record what went on "live" in the trial court, what the real contested issues were and what was the probable effect of particular criticized remarks, frequently presented to us not quite in context and somewhat out of focus. We must try to see the claims of error in the perspective of the whole case. In the

perspective of the whole case and of the issues that were actually being considered, the charge was correct and not confusing. And nobody asked for a clarification.

FEIN and MILONAS, JJ., concur with ALEXANDER, J.; ROSS, J. P., and SILVERMAN, J., dissent in an opinion by SILVERMAN, J.

Judgment, Supreme Court, Bronx County, rendered on November 12, 1980, reversed, on the law, and a new trial ordered.