■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER ODENTHAL, Appellant. [628 NYS2d 67] —Judgment of the Supreme Court, Bronx County (Lawrence Tonetti, J.), rendered on May 29, 1992, convicting defendant, after a jury trial, of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to an indeterminate term of imprisonment of two to four years, is unanimously reversed, on the law, and the matter remanded for a new trial.

The appellant's principal claim is that the trial court improperly instructed the jury with respect to the evaluation of his alibi defense. We are satisfied that the issue is preserved by appellant's specific exception to the court's charge as it concerned the alibi defense, and would otherwise consider the issue in the interests of justice.

In its charge, the trial court three times stated that an alibi witness "if believed" can raise a reasonable doubt. The court also instructed the jury to choose "which testimony you like better." Both the "if believed" and the "pick whom to believe" language are clearly improper *(see, People v Acevedo,* 83 AD2d 813). Moreover, the erroneous inclusion of such "burden-shifting" language was exacerbated in this case by the court's refusal to charge that it was the People's burden to disprove the alibi defense beyond a reasonable doubt *(see, People v Warren,* 76 NY2d 773). Given the magnitude of the error and the less than overwhelming proof against the defendant in this single witness identification case, there must be a reversal and a new trial. Concur—Murphy, P. J., Ellerin, Kupferman, Ross and Mazzarelli, JJ.