**Jose ANDUJAR, Petitioner,**

v.

**Walter KELLY, Superintendent, Attica Correctional Facility, and Robert Abrams, Attorney General of the State of New York, Respondents.**

**No. CIV–85–629E.**

United States District Court,
W.D. New York.

Aug. 1, 1990.

Cheryl Smith Fisher, Buffalo, N.Y., for petitioner.

Lisa Rubin, Asst. Dist. Atty., Bronx County, New York City, for respondents.

## MEMORANDUM AND ORDER

ELFVIN, District Judge.

The petitioner seeks a writ of habeas corpus for relief from state custody—*see* 28 U.S.C. § 2254—, asserting that his state court convictions were constitutionally tainted by an improper jury instruction.

The petitioner was convicted, after a jury trial in the New York State Supreme Court for Bronx County, of murder in the second degree, manslaughter in the first degree, two counts of robbery in the first degree, robbery in the second degree and criminal possession of a weapon in the second degree. He was sentenced May 12, 1982 to concurrent indeterminate prison terms of from twenty years to life on the murder conviction, eight and one-third to twenty-five years on the manslaughter conviction and on each of the first degree robbery convictions and five to fifteen years on the second degree robbery conviction. He appealed his convictions to the Appellate Division, First Department, contending that the trial court's alibi instruction to the jury impermissibly shifted the burden of proof to him and improperly singled out alibi evidence as requiring careful scrutiny, thereby depriving him of his due process right to a fair trial. The Appellate Division unanimously affirmed the convictions with-out opinion. *See People v. Andujar,* 104 A.D.2d 1059, 480 N.Y.S.2d 795 (1st Dept. 1984). New York's Court of Appeals denied the petitioner leave to further appeal and the instant Petition followed.

The Petition was referred to United States Magistrate Edmund F. Maxwell for a recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate initially recommended that the Petition be dismissed, having concluded that the petitioner's failure to object to the jury instructions at the time of trial constituted a procedural default and that the Appellate Division's affirmance without opinion must be assumed to have been based upon such procedural default, foreclosing collateral federal review. Report and Recommendation, dated November 23, 1988.

The petitioner filed objections to the Magistrate's ruling and this Court rejected the Magistrate's conclusions, relying upon the intervening decision in *Harris v. Reed,* 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989), for the proposition that a state procedural default does not bar federal habeas corpus review unless the last state court having rendered a judgment had clearly and expressly stated that its judgment rested on a state procedural bar. The Petition was remanded to the Magistrate for further evaluation. Memorandum and Order, dated October 20, 1989.

Upon remand, the Magistrate again recommended that the Petition be dismissed. Report and Recommendation, dated March 12, 1990 ("R & R II"). This time he reasoned that the alibi instruction, standing alone, was erroneous and could be construed as improperly shifting the burden of proving the alibi defense to the petitioner. *Id.,* at 10. However, relying on *Rose v. Clark,* 478 U.S. 570, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986), the Magistrate also found that error in a jury instruction is subject to harmless error analysis, which analysis, he determined, the instant Petition cannot withstand. R & R II, at 10.

The petitioner has timely objected to the Magistrate's latest recommendation, contending that "an erroneous alibi instruction may be found harmless only in a rare

case." Objection to R & R II, filed March 22, 1990. This Court reviews the matter *de novo. See* 28 U.S.C. § 636(b)(1).

The instruction provided to the jury regarding the petitioner's alibi was as follows:

"Evidence with relation to an alibi should be most carefully scrutinized. If the defendant's guilt is not established beyond a reasonable doubt by reason of the truth of the alibi, you must acquit him. The defendant is not required to prove an alibi beyond a reasonable doubt, but you must be satisfied as to the truth of the alibi. In other words, if it is sufficient to raise a reasonable doubt by evidence concerning the defendant's whereabouts at the particular time when the crime was committed, if the jury believes that evidence, that alibi itself entitles him to a verdict of not guilty. The prosecution has the burden of disproving the alibi beyond a reasonable doubt.

"It is not for you the jury to determine whether or not the alibi should be believed." Trial Transcript, *People v. Andujar*, No. 1372/81, dated April 19, 1982, p. 82.

Assuming (without deciding) that the alibi instruction given the trial jury was in error, it was a harmless one. True, it has been held that "an erroneous alibi instruction may be found harmless only in a rare case." *Simmons v. Dalsheim*, 543 F.Supp. 729, 748 (S.D.N.Y.1982), *aff'd,* 702 F.2d 423 (2d Cir.1983) (*per curiam* ) (specifically relying on the strength of the opinion below). But this is such a case.

■■■ Here, three witnesses, one of whom was the petitioner's father, testified in support of the alibi. They placed him at his father's house from approximately 4 p.m. until about 10:20 p.m. on the critical date, except for a ten-minute absence. Also, the victim's girlfriend testified to having witnessed the homicide, but she was unable to identify the petitioner as the perpetrator. Were this the only evidence the trial jury had to rely upon in reaching its verdicts, any error in the legal instructions given the jury would very likely not have been harmless. But the jurors had before them a great deal more than the inconclusive testimony of several witnesses. The petitioner had confessed both in writing and on videotape to shooting his victim and to having absconded with the victim's radio, which was subsequently recovered from the location at which the petitioner had said it could be found. Finally, the petitioner was apprehended with the gun later identified by both the victim's girlfriend and a ballistics expert as that employed in the shooting. Unlike *Simmons v. Dalsheim, supra,* this is one of those "rare case[s]" in which an erroneous alibi instruction may be found harmless "because the prosecution introduced independent evidence that powerfully corroborated the prosecution's * * * witnesses." *Id.,* at 748 (citing two cases wherein the giving of improper alibi instructions was deemed harmless error).

Accordingly, it is hereby ORDERED that the Magistrate's recommended disposition of this matter—*see* R & R II—, is confirmed, that the Petition is dismissed and that, inasmuch as there is no substantial question for appellate consideration, a certificate of probable cause for any appeal is denied. *See* Fed.R.App.P. rule 22(b).